This case is before the court on cross-motions for summary judgment. Plaintiff was in 1972 an enlisted man in the U.S. Air Force. He had had a court-martial conviction but the sentence had not included discharge. He was, after serving the sentence, restored to his unit, but thereafter discharged in a new proceeding for unsuitability on account of apathy and defective attitude. The records reflect, and plaintiff does not deny, that plaintiff at the time of this discharge desired to be out of the Service. He felt the conviction was wrongful; he could have no respect for the Air Force, and should be returned to civil life, where he could start anew without stigma. The unsuitable discharge is not normally regarded as of stigma type, and it does not cut off veteran’s benefits, but it is common knowledge that it may create problems for the discharged *690 person in civilian life. The discharge also barred reenlistment.
The Discharge Review Board has converted the discharge to honorable as a matter of clemency, and not, it says, on account of any legal defect in the 1972 discharge proceedings. Re-enlistment is no longer barred and plaintiffs right to re-enlist is not at issue. The Board For Correction of Military Records has refused to take any action. Plaintiff sues for pay and allowances from discharge date to the expiration of his enlistment.
A clemency correction of the character of the discharge does not establish the right to a change in its effective date. Plaintiff would have us examine for ourselves the legality of the 1972 discharge proceedings, but defendant defends their legality. Under the rule of volenti non fit injuria, we think that the nature of the discharge having been corrected, the legality of it otherwise is not here at issue. Even if it were illegal in the particulars complained of, plaintiff, having not opposed it as he was given a right to do, but. having said he desired it, cannot now complain. Weir v. United States, 200 Ct. Cl. 501, 474 F.2d 617 (1973). So far as the Air Force regulations prescribing procedure were for the protection of servicemen, they were to protect those whose discharge would be involuntary.
Defendant counterclaimed for $252.68 for alleged overpayment at the time of separation. However, it moves for dismissal in its instant summary judgment motion, so we gather if it prevails it does not wish to prosecute the counterclaim, which it cannot do if the petition is dismissed.
Accordingly, on the motions and briefs but without oral argument, plaintiffs motion for summary judgment is denied, defendant’s motion for summary judgment is granted, and the petition is dismissed.