This contract dispute comes before the court on defendant’s motion for summary judgment on its counterclaim and for dismissal of the petition. Plaintiff, a corporation, has failed to appoint an attorney to represent it, and has *610 not opposed the motion. We grant, in part, defendant’s motion.
Disputed expenses under a cost-plus-fixed-fee contract form the basis of the case. After performing the agreed contractual services, plaintiff, Contemporary Associates, Inc., submitted a claim for $84,256, and defendant paid that amount. When plaintiff later submitted proof of its expenses, however, defendant’s accountants found that only $75,922 of the payment was justified. Plaintiff, on the other hand, claimed that its expenses were $114,595, and asked for an additional $27,348 as an equitable adjustment under the contract. In a final decision letter, the contracting officer refused to pay these additional expenses and demanded a refund of $9,287.
Plaintiff then filed this suit through an attorney. The Government’s answer denied that any amounts were due, and asserted a counterclaim for amounts it felt plaintiff could not substantiate. Before answering the counterclaim, plaintiffs attorney requested that he be allowed to withdraw from the case. The trial judge permitted the withdrawal, and gave Contemporary Associates thirty days to substitute a new attorney. Plaintiff has not done so. Nor has it filed a response to the Government’s counterclaim, or to the motion for summary judgment. The time állotted for appointing a replacement attorney and for responding to the motion have long elapsed.
It is not clear, however, whether plaintiff has actually received any communication from the court since it filed the initial petition. The first two mailings of defendant’s present motion were returned to the court marked "Moved, Not Forwardable”. The third, and most recent, mailing was sent on October 1, and has not been returned as of November 16. We assume, because the prior mailings took only two weeks to be returned, that the plaintiff has now received notice of defendant’s motion. It is conceivable, however, that plaintiff has no knowledge of its lack of counsel, its obligation to appoint counsel, its responsibility to reply to defendant’s counterclaim, or the pendency of defendant’s present motion.
Ignoring, for the moment, the Government’s counterclaim, the events in this action bear a substantial resem *611 blance to the occurrences in Jamsar, recently decided by us. In that case, the plaintiffs counsel withdrew, plaintiff (a corporation) was given thirty days to substitute an attorney, plaintiff failed to do so, defendant moved for summary judgment on that ground, plaintiff failed to respond, and we granted dismissal of the petition for failure to comply with the order to appear through an attorney. Jamsar, Inc. v. United States, 226 Ct.Cl. 688 (1981). Like Jamsar, Contemporary Associates has failed to comply with the court’s order to appoint counsel. It is well settled that, in this court, a corporation must appear through an attorney. E.g., Algonac Manufacturing Co. v. United States, 192 Ct. Cl. 649, 654, 428 F.2d 1241, 1244 (1970). Failure to comply with this rule requires the suit to be dismissed. E.g., S.R. Weinstock & Associates, Inc. v. United States, 223 Ct.Cl. 677 (1980). Dismissal of the petition is therefore mandated.
Although we conclude that it is proper to dismiss the petition, it is not now appropriate to pass on the counterclaim. The Government argues that summary judgment should be entered on its counterclaim because plaintiff has failed to comply with the court’s order to substitute new counsel. Dismissal of the petition is a strict sanction. E.g., Alger v. United States, 221 Ct.Cl. 879 (1979). Entry of summary judgment awarding $9,287 to defendant would be even harsher. Contemporary Associates may be unaware of its obligations, and even if aware, it may be having great difficulty finding the funds necessary to hire an attorney. Moreover, it is clear from the pleadings that the amount of expenses that are verifiable is in dispute. Because it is not plain that plaintiff has had a meaningful opportunity to respond and there appears to exist a genuine issue of material fact, summary judgment on the counterclaim is inappropriate. The court sympathizes with the Government’s desire to dispose of this matter once and for all, but, in view of the possibility that plaintiff is unaware of the present motion, the failure to substitute counsel, taken alone, does not justify entry of summary judgment for the defendant.
Defendant also argues that plaintiffs failure to file a response to the counterclaim constitutes a failure to deny defendant’s allegations, and therefore the allegations *612 should be deemed admitted pursuant to Rule 37(c). If those allegations are admitted, of course, summary judgment is warranted because the sole factual issue, substantiation of expenses, is resolved. But the argument ignores the sequence of events. Plaintiffs failure to file a reponse to defendant’s counterclaim, as well as to the motion for summary judgment, probably follows and results from its failure to appoint counsel. Contemporary Associates should not be so strongly penalized for subsequent failures resulting from the primary error of nonprosecution. Fairness dictates that an affirmative judgment not be entered against plaintiff unless, at the least, the court is assured that the plaintiff has had notice of the defendant’s motion and has deliberately flouted its obligations.
Accordingly, without oral argument, we grant defendant’s motion to dismiss the petition to the extent of entering judgment that plaintiff cannot recover on its petition,[1] and we deny without prejudice the motion for summary judgment on the counterclaim

 Once the petition is dismissed, we lack jurisdiction over this action and defendant cannot prosecute its counterclaim. Clayton, v. United States, 217 Ct. Cl. 689, 690 (1978). For that reason, we do not at this time order dismissal of the petition. See Rule 102(d); Brant v. United States, 215 Ct. Cl. 1080 (1978).