ALCHEMY, INC.

v.

The UNITED STATES.

No. 78–83C.

United States Claims Court.

Nov. 16, 1983.

Leo F. Schweitzer, III, Macungie, Pa., for plaintiff.

Alexander Younger, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## ORDER

COLAIANNI, Judge:

Plaintiff, by way of its attorney, filed the petition in this contract case seeking a trial *de novo* pursuant to the Contract Disputes Act of 1978, 41 U.S.C. §§ 601–613 (the Act). Plaintiff's first four counts relate to bid protest claims for some 32 invitations for bid of the Defense Construction Supply Center. Plaintiff's fifth count seeks actual damages of $1 million and punitive damages of $3 million because plaintiff was not awarded the 32 contracts. Plaintiff grounds its damage count on loss of profits, injury to its goodwill and unjust enrichment.

Defendant filed a motion pursuant to RUSCC 12(b)(1), urging that plaintiff's petition should be dismissed because the court lacked jurisdiction over the subject matter. Defendant points out that plaintiff filed its direct access action under the Act. Defendant also emphasizes that each of the plaintiff's counts speaks to the futility of seeking redress by the contracting officer. Specifically, plaintiff's petition states:

> Report to the contracting officer would be futile and a waste of resources, since the Government's actions have been punitive. The failure of the Government's actions is an equivalent of a denial. Therefore, trial denovo [sic] and relief is sought pursuant to Section 10(a)(1) of the Contracts [sic] Disputes Act of 1978, 41 U.S.C. 609(a)(1), which the Plaintiff hereby elects pursuant to 41 U.S.C. 601 shall be applied to this action.[1]

Instead of referring his claims to the contracting officer, plaintiff lodged a protest with the Comptroller General covering all of the substantive matters covered by counts I–IV of his complaint. These protests were still pending as of the filing date of plaintiff's complaint.

Defendant's motion argues that the complaint should be dismissed because plaintiff:

(1) Failed to present its claims to the contracting officer;[2]

(2) Failed to have its claims certified;[3] and

1. Paragraph 1 of plaintiff's February 17, 1983, petition.

2. Defendant relies on the decision of *Tri-Central, Inc. v. United States,* No. 275–81C, slip op. at 5 (Ct.Cl. Mar. 23, 1982), in which the court stated: "Since the contracting officer has made no final decision, the plaintiff cannot yet bring suit in this court under the Contract Disputes Act," to support this basis for dismissal.

3. Defendant contends that 41 U.S.C. § 605(c)(1) requires that all claims of more than $50,000 must be certified. In support of this ground of dismissal defendant points to *Paul E. Lehman, Inc. v. United States,* 230 Ct.Cl. ——, ——, 673 F.2d 352, 355–56 (1982), in which the court concluded that it did not have jurisdiction over a direct access suit: "'The statute thus requires that to be valid a claim must be properly certified.' Unless that requirement is met, there is simply no claim that this court may review under the Act. * * * Congress has determined that certification is necessary for there to be a valid claim under the Act."

(3) Claims relief which is outside this court's jurisdiction.[4]

Adding to plaintiff's problems, shortly after the defendant's motion for dismissal was filed, its counsel asked for permission to withdraw as attorney of record pursuant to RUSCC 81(d)(4). Following a showing of justification for such action, on August 18, 1983, plaintiff's counsel was permitted to withdraw. Plaintiff was given until September 19 to select new counsel and for the new counsel to submit a response to defendant's motion to dismiss.[5]

In an affidavit filed on September 19, Mr. Leo F. Schweitzer, III, as President and 100 percent stockholder of Alchemy, informed the court that plaintiff was bankrupt and thus unable to secure counsel to represent it. Mr. Schweitzer moved for leave to intervene as a party plaintiff, arguing that his intervention would ensure that "all interest will be adequately represented."

Mr. Schweitzer also sought to substitute a new petition[6] and filed a reply to defendant's motion to dismiss. In his reply, Mr. Schweitzer urges that the petition not be dismissed because the award of each of the 32 contracts to other bidders was equivalent to a denial of plaintiff's claims by the contracting officer. Interestingly, Mr. Schweitzer also argues that since the plaintiff has no contracts with the United States, it is not bound by the Act and thus was not required to present its claims to the contracting officer.[7]

In response to defendant's argument that plaintiff's petition should be dismissed because of plaintiff's failure to certify the claim, Mr. Schweitzer offers the following certification:

I [Leo F. Schweitzer, III/Alchemy, Inc.] hereby certify that this claim is made in good faith, that the supporting data is accurate and complete to the best of my knowledge and belief, and the amount requested reflects an adjustment which I believe the Government is liable for.

Finally, in response to defendant's contention that plaintiff's original petition should be dismissed because it seeks relief outside of the court's jurisdiction, Mr. Schweitzer argues that his amended petition eliminates this problem since he now only seeks "damages in excess of $10,000.00."

### Discussion

■ In the first place, plaintiff's certification to the court is ineffective to overcome defendant's motion that the petition be dismissed for plaintiff's failure to certify his claim to the contracting officer. A similar attempt in the case of *Skelly and Loy v. United States,* 231 Ct.Cl. ——, 685 F.2d 414 (1982), was given short shrift by our predecessor court.

Mr. Schweitzer's arguments opposing defendant's motion for dismissal because of plaintiff's bypassing of the contracting officer, are also unpersuasive. Indeed, if plaintiff's action were based on the Act, plaintiff would necessarily have had to present it to the contracting officer for disposition. The Act requires that all claims coming within its terms be initially brought to the contracting officer for decision, and any court actions which short circuit the contracting officer must be rejected. "[T]he linchpin for appealing claims under the Contract

---

**4.** Defendant argues that under *Keco Industries, Inc. v. United States,* 192 Ct.Cl. 773, 428 F.2d 1233 (1970), plaintiff is only entitled to bid preparation costs.

**5.** While an individual may represent himself before the court, a corporation may not. RUSCC 81(d)(6) provides: "An individual may represent himself or a member of his immediate family as a party plaintiff before the court. Any other party plaintiff, however, must be represented by an attorney who is admitted to practice in this court."

**6.** This new petition substantially tracks plaintiff's original petition, except it changes the damage count in various respects, including increasing the claim of actual damages to $6 million and the punitive damage claim to $10 million.

**7.** This is so despite the fact that Mr. Schweitzer's new petition, similar to the original petition, seeks a trial de novo under 41 U.S.C. § 609(a)(3).

Disputes Act is the contracting officer's 'decision.'" *Paragon Energy Corp. v. United States,* 227 Ct.Cl. 176, 177, 645 F.2d 966, 967 (1981).

■ Plaintiff's claim, however, does not appear to be based on the Act. As Mr. Schweitzer correctly points out, plaintiff had no contracts with the government. If anything, plaintiff appears to be complaining that defendant has not fairly considered its bids. If supported by the facts, plaintiff's complaint is not based on an express contract, but rather on the implied-in-fact contract, recognized in *Keco,*[8] to have its bids fairly and honestly considered.

While in more ordinary circumstances plaintiff could amend its petition to set forth the correct basis for this court's jurisdiction, this is not possible in the present posture of the case since plaintiff corporation is not represented by counsel. Although RUSCC 81(d)(6) permits an individual to conduct his or her own case, a corporation must be represented by counsel.[9]

■ Mr. Schweitzer's argument that an exception should be made because he is the sole stockholder of plaintiff's corporation was rejected in *S.R. Weinstock v. United States,* 223 Ct.Cl. 677, 650 F.2d 286 (1980). In commenting on the question of whether Mr. Weinstock was a proper party plaintiff, the court stated:

> He was not a party to the contract involved in this case and does not stand in privity with defendant. The contract was between the corporation and the United States. That the individual may be a corporate officer, or sole stockholder, or that the corporation may be defunct, has no bearing on the issue to be decided.

*Id.* at 680, 650 F.2d 286. This equally disposes of Mr. Schweitzer's arguments for permission to appear as a party plaintiff in this case.

■ While adequate opportunity has already been allowed the plaintiff to obtain

counsel to handle its case in this court, it appears appropriate that a final opportunity be permitted. Thus, plaintiff has until December 6, 1983, to obtain counsel to pursue its claim against the United States for breach of the implied-in-fact contract of full and fair consideration of plaintiff's bids. Plaintiff should, of course, appreciate that when pursuing relief under such an implied-in-fact contract, plaintiff can only recover its bid preparation costs. *Keco,* 192 Ct.Cl. at 784–85, 428 F.2d at 1240.

### CONCLUSION

Defendant's motion to dismiss is denied and plaintiff has to and including December 6, 1983, in which to notify the court of its new counsel. If plaintiff does not do so, the case will be dismissed by the Clerk of the Court without further instructions.

IT IS SO ORDERED.

---

**8.** In *Keco,* the court agreed that all bidders have the right to have their bids fully and fairly considered and that if this obligation is breached the contractor has the right to come into

court and try to prove his cause of action. 192 Ct.Cl. at 780, 428 F.2d at 1237.

