**ALGONAC MANUFACTURING COMPANY (a close Michigan Corporation) and John A. Maxwell, President and Sole Stockholder of Algonac Manufacturing Co., and as an individual,**

v.

**The UNITED STATES.**

**No. 46-67.**

United States Court of Claims.

May 12, 1972.

Arthur J. Rooks, Birmingham, Mich., attorney of record for the plaintiff Algonac Manufacturing Co.

John A. Maxwell, pro se.

Gerald L. Schrader, Washington, D. C., with whom was Asst. Atty. Gen. L. Patrick Gray, III, for defendant.

Before COWEN, Chief Judge, LARAMORE and DURFEE, Senior Judges, and SKELTON and NICHOLS, Judges.

## ON PLAINTIFFS' MOTION FOR RELIEF FROM JUDGMENT PURSUANT TO RULE 152(b) (3)

SKELTON, Judge.

This case comes before the court again on plaintiffs' motion for relief from judgment pursuant to Rule 152(b) (3), claiming that fraud was perpetrated upon the court by defendant which caused the court to enter a judgment against the plaintiffs. The defendant has filed an opposition to plaintiffs' motion and requests that the motion of plaintiffs be denied.

The history of this litigation was set out in our opinion in this case, Algonac Mfg. Co. v. United States, 428 F.2d 1241, 192 Ct.Cl. 649 (1970). In that decision we held that the court did not have jurisdiction of the contract claims of John A. Maxwell, the president of plaintiff, Algonac Manufacturing Company, because the contracts involved were made by the United States with the company and not with Maxwell; and that we likewise did not have jurisdiction of Maxwell's tort claims against the government. Accordingly, all of Maxwell's individual claims were dismissed in that judgment. Even if he could show fraud on the part of the government in his present motion, which he has not done, this court would not have jurisdiction of his tort and contract

claims, as we have no tort jurisdiction, and Maxwell had no contract in his individual capacity with the government.

In our decision of July 15, 1970, referred to above, we dismissed all of the claims of Algonac Mfg. Co., except the storage charges claimed by it in the ninth contract, and we remanded that part of the case to our trial commissioner for trial. The company refused to proceed with a trial and on a show cause order hearing advised the court it did not wish to pursue that claim further. Whereupon, the court dismissed that part of the case for lack of prosecution by order of May 18, 1971. By this action, all of the claims of plaintiffs were finally dismissed.

 John A. Maxwell is not an attorney. He attempted to represent Algonac Mfg. Co. in this court in the early stages of this case and filed a motion to act as its attorney. The court denied the motion by order dated April 12, 1968, and gave the company sixty days to get an attorney. The company did retain an attorney, a Mr. Arthur J. Rooks. However, Mr. Rooks filed a motion to withdraw from the case as attorney of record for the company on March 25, 1971, and a notice of withdrawal, saying that he had served without compensation but could not continue to do so. Our Trial Commissioner, Roald A. Hogenson, before whom the case was pending at that time, denied the motion on March 26, 1971, without prejudice to reconsideration when plaintiff retains and designates of record a new attorney to represent plaintiff in this case. Thereafter, on April 8, 1971, John A. Maxwell filed a "Notice of Termination of Client-Attorney Relationship" with the clerk of this court, signing it individually and as "President, sole-stockholder of the Algonac Mfg. Co." This notice purports to be a termination by the company of the services of Mr. Arthur J. Rooks as its attorney in this case. Maxwell acknowledges in the notice that he is not a lawyer and that he has been told twice by this court that he

cannot represent the company for that reason. Nevertheless, he insists on a right to do so as the president and sole stockholder of the company. In such notice and the affidavit attached thereto, Maxwell points out that the company is without funds and that he is financially destitute; that he and other members of his family are in poor health and without employment, and are about to be evicted from their home. He says further that he has tried diligently to get another attorney for the company, but has not been successful.

The court appreciates the unhappy and difficult situation of Mr. Maxwell and his family, and has fully considered their plight. However, the sympathy which the court has for them cannot control the disposition of this case. We cannot allow Mr. Maxwell to appear as the attorney for Algonac Mfg. Co., a corporation, in this case because he is not a lawyer. Our rules do not permit such procedure.

 We wish to point out, however, that the court has not granted any motion to allow Mr. Rooks to withdraw from this case as the attorney for the company, and, in fact, has denied his motion to withdraw until the company obtains the services of another attorney. Accordingly, Mr. Rooks is still the attorney of record for the company in this case. On that basis, we will consider the present motion of the company to be relieved from our judgment of July 15, 1970, even though Mr. Rooks did not sign nor file it. As far as we are concerned, he is still representing the company in this case.

 The alleged fraud that plaintiffs complain of was the fact that the Department of the Army directed on March 3, 1954, that negotiations with Algonac be discontinued because the company was suspected of fraud, but this was not done until April 29, 1954, when Algonac was handed a letter dated April 28, 1954. The plaintiffs say the failure of the government to put the company on the ineligible and suspended

list on March 3, 1954, prevented it from submitting its final termination settlement proposal on March 31, 1954. We do not see how these facts could amount to fraud on this court. Furthermore, it appears that the plaintiffs were well aware of these facts at least by 1964 by their own admission (page 23 of their motion). The March 3, 1954, date was mentioned by the contracting officer's decision of December 1, 1964, which was considered by the Armed Services Board of Contract Appeals (ASBCA). The March 3, 1954, letter was mentioned in plaintiffs' amended petiton, and was reproduced as an exhibit in defendant's moving brief of June 4, 1969, and was discussed in the brief. The April 28, 1954, letter was mentioned in the decision of the ASBCA as well as by the court in its July 15, 1970, decision. It is obvious that the plaintiffs were aware of these facts at least six years before the court decided the case on July 15, 1970. If the plaintiffs believed such facts constituted fraud, they could have presented them to the court in their appeal. Not having done so, it is too late for them to raise the question now. In any event, the facts do not show fraud on the court, and the court was not misled.

 Our Rule 152(b) (3) is practically the same as 60(b) (3) of the Federal Rules of Civil Procedure. Federal Court decisions involving Rule 60(b) (3) are considered precedents by this court in applying our Rule 152(b) (3). Love v. United States, 104 F.Supp. 102, 122 Ct.Cl. 144 (1952). Before a judgment can be set aside because of fraud upon the court, the plaintiff must show by clear and convincing evidence an unconscionable plan or scheme designed to improperly influence the court in its decision. England v. Doyle, 281 F.2d 304 (9th Cir. 1960). The plaintiffs have made no such showing in this case.

 Furthermore, our Rule 152(b) (3) requires a motion to be relieved from a judgment because of fraud on the court to be filed within one year from the date of the judgment. The judgment in this case was entered July 15, 1970. The motion of plaintiffs was filed on July 19, 1971, more than one year later. It was filed too late.

For all of the foregoing reasons, the motion of the plaintiffs to be relieved from the judgment of July 15, 1970, is denied.