Pleading and practice; disqualification of trial judge; 28 U.S.C. § 1654; requirement that a corporation be represented by legal counsel. — On February 8, 1980 and March 14, 1980 the court entered the following orders:
Kalman K. Brattman, pro se.
Jo-Ann Horn, with whom was Assistant Attorney General M. Carr Ferguson, for defendant. Theodore D. Peyser and Gilbert W. Rubloff, of counsel.
Before Friedman, Chief Judge, Nichols and Smith, Judges.
February 8, 1980
This declaratory judgment action[1] is before the court on two motions: (1) plaintiffs’ motion that the court review en banc an order entered by the chief of the trial division of the court, said order denying plaintiffs’ motion to disqualify the trial judge in this action; and (2) defendant’s motion that the court enter an order directing plaintiffs to retain counsel within a reasonable period of time or face, as a consequence of their failure to do this, dismissal by the court of their declaratory judgment action. For the reasons discussed below, we affirm the order denying plaintiffs’ motion to disqualify the trial judge[2] and we grant defendant’s motion requiring plaintiffs to retain counsel.
The sole ground of plaintiffs’ motion to disqualify the trial judge was that the trial judge, prior to becoming a trial judge, was chief of the Court of Claims section of the Tax Division, United States Department of Justice. The chief of the trial division of the court, to whom plaintiffs’ motion to disqualify the trial judge was referred pursuant to Rule 14(d) of the court, held that the mere fact of the trial judge’s aforementioned prior employment did not constitute evidence that the trial judge would be unable to preside impartially over the trial of plaintiffs’ action.
In their motion for review of the order entered by the chief of the trial division, plaintiffs assert that the fact of the trial judge’s prior employment is a sufficient basis for a reasonable doubt as to whether the trial judge can be *628 impartial in any case wherein the Government is represented by one or more attorneys from the Court of Claims section, Tax Division. As support for their assertion, plaintiffs cite 28 U.S.C. § 455(a) (Supp. II, 1978), and United States v. Cowden, 545 F. 2d 257 (1st Cir. 1976), cert. denied, 430 U.S. 909 (1977). Our examination of these authorities reveals, however, that neither is supportive of plaintiffs’ position.
Section 455(a) of 28 U.S.C. (Supp. II, 1978) provides, in pertinent part, that "[a]ny justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.” Because a trial judge of this court is not a "justice, judge, or magistrate of the United States,” section 455(a) and the generalized standard of disqualification set forth therein are inapplicable to this case. However, even though it is not necessary that our determination whether a trial judge of this court should be disqualified harmonizes with the standard set forth in section 455(a), we regard the standard as an appropriate one, and we adopt it as a guidepost for determining whether trial judges of this court should be disqualified.
Thus, in this case, the issue is whether the mere fact of the trial judge’s prior employment as chief of the Court of Claims section, Tax Division, is sufficient to cause a reasonable man to doubt whether the trial judge can be impartial in this case. Subsection (b) of 28 U.S.C. § 455 (1976) is illuminative of how the issue should be resolved. Subsection (b) provides for the mandatory disqualification of a federal justice, judge, or magistrate in certain, enumerated situations. One situation is where he "has served in governmental employment and in such capacity participated as counsel, adviser or material witness concerning the proceeding or expressed an opinion concerning the merits of the particular case in controversy.” (Emphasis supplied.) Thus, with respect to a federal justice, judge, or magistrate, the mere fact of prior governmental employment does not compel disqualification: involvement in or with the case in question while serving in a governmental capacity is a prerequisite to mandatory disqualification. Although subsection (b) of 28 U.S.C. § 455 (1976) is inapplicable to the trial judges of this court, we regard the *629 subsection as a reasonable particularization of the generalized standard of disqualification set forth in 28 U.S.C. § 455(a) (Supp. II, 1978). Hence, as we have done with section 455(a), we adopt section 455(b) as a guidepost for determining whether the trial judges of this court should be disqualified.
In the instant case, plaintiffs have presented, of course, no evidence that the trial judge was involved in this case when he was chief of the Court of Claims section, Tax Division. Such involvement was not possible. The trial judge has served as a trial judge of this court since 1972. Plaintiffs commenced this action in 1979.
Like 28 U.S.C. § 455(a) (Supp. II, 1978), United States v. Cowden, supra, is of no assistance to plaintiffs. There, the appellant, an individual convicted of crimes, alleged as error "the district court’s denial of his motion that the district judge recuse himself under the provisions of 28 U.S.C. § 455(a).” (Footnote omitted.) 545 F. 2d at 265. The appellant contended that the district judge’s impartiality was questionable because the district judge had presided over two prior jury trials of appellant’s codefendants. Finding that there was "no indication of personal animus or bias by the [district] judge either in the proceedings which he conducted involving codefendants” or in the proceeding involving the appellant, the first circuit affirmed the district judge’s refusal to recuse himself. 545 F. 2d at 265.
In the record of the instant case, we find nothing which gives rise to a reasonable doubt about the ability of the trial judge to be impartial while presiding over the case. The mere fact of his prior employment as chief of the Court of Claims section of the Tax Division does not constitute, in our view, even one iota of evidence that he is not able to be impartial. Noting that plaintiffs do not allege that the chief of the trial division lacks impartiality, we affirm his order denying their motion to disqualify the trial judge.
Defendant has moved for an order directing plaintiffs to retain counsel or face, as a consequence of their failure to do this, dismissal by the court of this action. Plaintiffs have responded that, because they are nonprofit corporations[3] *630 and because they are financially unable to retain counsel,[4] they are entitled, pursuant to 28 U.S.C. § 1654 (1976), to be represented in this action by their president even though he is not a lawyer.
Section 1654 provides: "In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.” Courts have uniformly and consistently construed the section to grant a right of pro se representation only to individuals. In the instant case, the plaintiffs are corporations. Their president is not a ’party to the action: the claims of entitlement to tax-exempt status relate solely to the corporations; the taxpayer status of the president is not involved. Thus, the president’s appearance in the action is not anchored to the right to pro se representation which section 1654 grants to individuals.
Because corporations are artificial entities, they cannot appear personally in an action. They can make an appearance only through an agent. In the context of construing section 1654, federal courts have held consistently that the agent must be an attorney at law.[5] In re Victor Publishers, Inc., 545 F. 2d 285 (1st Cir. 1976); Phillips v. Tobin, 548 F. 2d 408 (2d Cir. 1976); Simbraw, Inc. v. United States, 367 F. 2d 373 (3d Cir. 1966); United States v. 9.19 Acres of Land, Marquette Co., Michigan, 416 F. 2d 1244 (6th Cir. 1969); Strong Delivery Ministry Association v. Board of Appeals of Cook County, 543 F. 2d 32 (7th Cir. 1976).
The rationale underlying the rule that a corporation must be represented by a lawyer in an action in federal court has been expressed as follows:
* * * [The rule] arises out of the necessity, in the proper administration of justice, of having legal proceedings carried on according to the rules of law *631 and the practice of courts and by those charged with the responsibility of legal knowledge and professional duty.
* * * * *
The rules for admission to practice law in the courts * * * require the applicant to submit to an examination to test not only his knowledge and ability, but also his honesty and integrity, and the purpose behind these requirements is the protection of the public and the courts from the consequences of ignorance or venality. * * * [Heiskell v. Mozie, 82 F. 2d 861, 863 (D.C. Cir. 1936).][6]
Notwithstanding the rule, plaintiffs urge us to permit their president to represent them in this action. Plaintiffs allege that they are financially unable to retain counsel. They argue that, because of their alleged financial incapacity and because of their status as nonprofit corporations, their president should be permitted to represent them.
We disagree. We are inclined to regard the rule requiring a corporation to be represented by a lawyer as absolute. Even if the rule is not absolute, we decline to make this case an exception to the rule. Our refusal to make the case an exception is buttressed by Algonac Manufacturing Co. v. United States, 198 Ct. Cl. 258, 458 F. 2d 1373 (1972), and Strong Delivery Ministry Association v. Board of Appeals of Cook County, supra.
In Algonac Manufacturing Co., this court dismissed all the separate claims of the individual plaintiff and all but one of the claims of the corporate plaintiff.[7] The plaintiffs moved the court for relief from its judgment of dismissal. The individual plaintiff, who was not a lawyer, attempted to represent the corporation, as well as himself, with *632 respect to the motion for relief. He argued that he was entitled to represent the corporation because it was without funds and because he was impoverished.[8]
Because the individual plaintiff was not a lawyer, this court refused to permit him to represent the corporate plaintiff. We indicated that our "rules do not permit such procedure.”[9] 198 Ct. Cl. at 261, 458 F. 2d at 1375.
In Strong Delivery Ministry Association, a nonprofit corporation commenced an action in a federal district court. The nonprofit corporation appeared in the action through its founder-president, who was not a lawyer. "The district court dismissed plaintiffs complaint without reaching its merits, but with leave to file an amended complaint if presented by a member of the bar of that court.” 543 F. 2d at 33.
Continuing to be represented by its founder-president, the plaintiff appealed the district court’s dismissal of its complaint. Relying on the rule requiring a corporation to be represented by a lawyer, the United States Court of Appeals for the Seventh Circuit upheld the dismissal.
it is therefore ordered that unless plaintiffs in this action retain, not later than 60 days from this date, a lawyer to represent them herein, the petition will be dismissed; and
it is further ordered that the order of the chief of the trial division denying plaintiffs’ motion to disqualify the trial judge is affirmed.

 Two affiliated corporations bring this action pursuant to section 7428 of the Internal Revenue Code of 1954 for the purpose of determining their rights to initial qualification as tax-exempt organizations under section 501(c)(3) of the code. To date in the action, the corporations have been represented only by their president, who is not a lawyer.

 The seven active judges of the court have considered the request for hearing en banc plaintiffs’ motion for review of this order and have denied the request.

 Plaintiffs are incorporated under the Massachusetts Non-Profit Corporation Act (6 Mass. Ann. Laws, ch. 180).

 It should be noted that, in the record before us, there is no evidence supporting plaintiffs’ assertion that they are financially unable to retain counsel.

 Our research has unearthed only two cases wherein a federal court has not adhered to the rule precluding a corporation from instituting or maintaining through an agent not a lawyer an action in a federal court: DeVilliers v. Atlas Corp., 360 F. 2d 292 (10th Cir. 1966), and In re Holliday’s Tax Servs., Inc., 417 F. Supp. 182 (E.D. N.Y. 1976). The circumstances inducing those courts to relax the rule are not present in this case.

 A state court has even suggested: "Were it possible for corporations to prosecute or defend actions in person, through their own officers, men unfit by character and training, men, whose credo is that the end justifies the means, disbarred lawyers or lawyers of other jurisdictions would soon create opportunities for themselves as officers of certain classes of corporations and then freely appear in our courts as a matter of pure business not subject to the ethics of our profession or the supervision of our bar associations and the discipline of our courts.” Mortgage Comm’n of New York v. Great Neck Improvement Co., 162 Misc. 416, 295 N.Y.S. 107, 114 (1937).

 The corporate plaintiff was a Government contractor; the individual plaintiff was its sole shareholder and its president.

 The individual plaintiff supported his allegations of the financial incapacity of the corporation and of himself by filing an affidavit to that effect. In the affidavit, he even stated that he had endeavored unsuccessfully to retain an attorney to represent the corporation with respect to its motion for relief.

 Even though the court did not permit the individual plaintiff to represent the corporate plaintiff, the court did review the motion for relief made by the corporate plaintiff. The court reviewed the motion because, even though the attorney who had represented the corporate plaintiff prior to the court’s entry of the judgment of dismissal had moved the court for permission to withdraw from the case, the court had refused to permit him to withdraw. Thus, even though the attorney neither signed nor filed the corporate plaintiffs motion for relief, the court regarded him as being, still, attorney of record for the corporate plaintiff. In this sense, the corporate plaintiff was represented by a lawyer with respect to its motion for relief. And, in this sense, the court’s discussion of the individual plaintiffs effort to represent the corporate plaintiff was dictum.