Pleading and practice; parties; standing to sue; necessity for corporation to be represented by counsel; privity of contract. — On March 21, 1980 the court entered the following order:
Before Friedman, Chief Judge, Kunzig and Bennett, Judges.
Under Wunderlich Act standards, the petition in this case challenges the decision of the Armed Services Board of Contract Appeals, ASBCA No. 18375, dated November 20, 1978. In that decision plaintiff corporation was given an award on its protest to the disallowance of its termination settlement claim. The present suit excepts to the adequacy of the award and the finality of the decision and raises claims both under and outside the Act and the contract. The petition is filed in the name of the corporation and in the name of S. R. Weinstock, individually, as sole stockholder. Mr. Weinstock, president of the corporation, seeks to proceed pro se both for himself and for the corporation. The case comes before the court at the present time on defendant’s motion to dismiss on the grounds that a corporate plaintiff can proceed only with legal counsel. Mr. Weinstock is not a lawyer.
In response to the motion to dismiss, Mr. Weinstock cites several rules of the court to support his contention that as an individual he is a proper party and, indeed, is the real party in interest and that as an individual he can represent the corporation and has the capacity to sue, being an indispensable party and necessarily joined by the pleadings, or if not should be by order of the court, and that he should be permitted to intervene and if necessary be substituted as the sole party plaintiff. Mr. Weinstock notes further that at the administrative level defendant treated him as the representative of the corporate party plaintiff.
*679 The objections and response to defendant’s motion to dismiss are well drafted. Although not technically conforming to our rules, we will consider that Mr. Weinstock has presented motions of his own seeking affirmative relief as well as rejection of the motion to dismiss.
The parties before us agree that the motion to dismiss presents two questions: Should a corporate plaintiff be permitted to proceed without benefit of counsel and is S. R. Weinstock a proper party to the action? We answer both questions in the negative.
Court of Claims Rule 203 reads in pertinent part:
(a) One for Each Party: There shall be but one attorney of record for a party in any case at any one time, and such attorney of record shall be an individual (and not a firm) who has been admitted to practice before this court pursuant to Rule 201. Any other attorneys assisting the attorney of record shall be designated as of counsel.
This court has always permitted individual plaintiffs to proceed without legal counsel although it is not the preferred practice, the complexities of the law being what they are. This, however, is what all courts do and is contemplated by 28 U.S.C. § 1654, which reads:
In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein.
The statute has never been construed to permit corporations to proceed without counsel. This is true under statute and common law. Osborn v. Bank of the United States, 22 U.S. (9 Wheat.) 738, 830 (1824). A corporation is able to act only through its agents, and the courts have consistently held that attorneys at law who have been admitted to practice are the only agents acceptable to the court of law. Any other rule would result in chaos for both courts and the parties in the administration of justice. The Court of Claims has recently pronounced this rule as absolute. International Inst. for Fundamental Studies, Inc. v. United States, 222 Ct. Cl. 626 (1980). See also Algonac Mfg. Co. v. United States, 198 Ct. Cl. 258, 260-61, 458 F.2d 1373, 1375 (1972); Algonac *680 Mfg. Co. v. United States, 192 Ct. Cl. 649, 654, 428 F.2d 1241, 1244 (1970).
On the second issue, whether Mr. Weinstock is a proper party plaintiff, the question has been answered by the authorities gathered in the above-cited opinions. He was not a party to the contract involved in this case and does not stand in privity with defendant. The contract was between the corporation and the United States. That the individual may be a corporate officer, or sole stockholder, or that the corporation may be defunct, has no bearing on the issue to be decided. This moots Mr. Weinstock’s motions for relief and the arguments advanced for them.
it is therefore ordered that defendant’s motion to dismiss the petition is granted without prejudice.