This Government contract action is before us, without oral argument, on defendant’s motion to dismiss the petition on the ground that plaintiff Jamsar, Inc., a corporation, is not represented by an attorney. Plaintiff has not filed any response to defendant’s motion, and for the reasons set forth below, we rule in favor of the Government.
*689 In November 198Ó, Jamsar’s attorney filed a motion for leave to withdraw as counsel in this action. By order of November 18, the trial judge allowed the motion and went on to state that "because plaintiff is a corporation, it must be represented by an attorney in this case, and it is allowed 30 days from this date to have an attorney enter an appearance herein.” On December 23,1980, defendant filed the present motion to dismiss, alleging that, since over thirty days had elapsed and no attorney had entered an appearance on behalf of plaintiff, the petition must be dismissed. Because plaintiff has filed no response to the motion, and a substantial period has elapsed, we must consider that plaintiff has not obtained an attorney for this case.
It has been the consistent practice of this court to require that a corporation be represented by an attorney in all actions before us. See, Algonac Mfg. Co. v. United States, 198 Ct. Cl. 258, 261, 458 F.2d 1373, 1375 (1972); Algonac Mfg. Co. v. United States, 192 Ct. Cl. 649, 654, 428 F.2d 1241, 1244 (1970); S. R. Weinstock & Assoc., Inc. v. United States, 223 Ct.Cl. 677, 679 (1980). Dismissal of an action is appropriate where a party refuses to follow this rule. See, International Institute For Fundamental Studies, Inc. v. United States, 222 Ct.Cl. 626, 632-33 (1980). Plaintiff has been ordered to comply with this requirement and has failed to do so. Accordingly, we grant defendant’s motion to dismiss and dismiss the petition.
IT IS SO ORDERED.