This case is before the court on defendant’s unopposed motion to dismiss. For the reasons discussed hereafter, we allow that motion.
This case was first submitted to the court without oral argument on a stipulation of facts. As that stipulation did not address certain issues we deemed vital, we remanded the case to our trial division for a report addressing all issues of law and fact. See Door to Door International, Inc., v. United, States, 225 Ct.Cl. 738 (1980).
Plaintiffs counsel in that earlier proceeding, Alan F. Wohlstetter, has sought and received in the interim leave from our trial judge to withdraw as Door to Door’s attorney. See Court of Claims Rule 203(d). Further, it appears a receiver, Jay V. Dishnow, Jr., of Seattle, Washington, has recently been appointed under Washington State law for the corporation. Based on these events, defendant has renewed its earlier motion to dismiss.
That motion will now be granted. Mr. Dishnow has never been substituted as party plaintiff in this litigation. The plaintiff, therefore, remains the corporation, which has no attorney following Mr. Wohlstetter’s withdrawal. Our consistent practice long has been to require that a corporation be represented in this court by an attorney. E.g., Algonac *468 Manufacturing Co. v. United States, 198 Ct. Cl. 258, 261, 458 F. 2d 1373, 1375 (1972); Jamsar, Inc. v. United States, 226 Ct.Cl. 688 (1981), passim; S. R. Weinstock & Associates, Inc. v. United States, 223 Ct.Cl. 677, 679-80 (1980). Although the trial judge allowed the plaintiff 60 days to obtain new counsel, the corporation, through Mr. Dishnow, has declined to do so. Indeed, in correspondence with our trial judge, Mr. Dishnow has indicated he has no objection to dismissal of this action.
it is therefore ordered that defendant’s unopposed motion for dismissal be and is hereby granted. The petition is dismissed without prejudice.