This suit, as it comes to us, is by a corporate plaintiff against the United States. The corporation, which appears to be very closely held, has not been represented by counsel but has sought to be represented by one of its two individual stockholders (Mr. Randall K. Whited). The defendant moved the trial judge for an order requiring plaintiff corporation to be represented by counsel. The trial judge issued such an order, "requesting plaintiff to obtain legal counsel within the next 30 days [from October 14, 1981, the date of the order] on penalty of dismissal of the petition.” Mr. Whited, apparently on behalf of plaintiff Whited Company, Inc., seeks interlocutory review from us. Defendant maintains that the trial judge’s order was correct.
The rule of this court, which we are not free to change, is that a corporation cannot appear through one of its stockholders (even a major or sole stockholders) but must be *624 represented by counsel. See, Algonac Mfg. Co. v. United States, 198 Ct. Cl. 258, 261, 458 F.2d 1373, 1375 (1972); Algonac Mfg. Co. v. United States, 192 Ct. Cl. 649, 654, 428 F.2d 1241, 1244 (1970); Jamsar, Inc. v. United States, 226 Ct.Cl. 688 (1981); S.R. Weinstock & Assoc., Inc. v. United States, 223 Ct.Cl. 677 (1980). If attorney representation is not obtained, the suit by a corporation will be dismissed. See Jamsar, Inc. v. United States, supra; S.R. Weinstock & Assoc., Inc. v United States, supra; International Institute for Fundamental Studies, Inc. v. United States, 222 Ct. Cl. 632 (1980).
The trial judge’s decision that plaintiff, to remain in court, must obtain legal representation was therefore proper and must be affirmed. We consider, however, that the thirty day period allowed was too short and that plaintiff should be permitted sixty days from this date to obtain an attorney. Plaintiff may be able to come under the court’s program for legal representation of pro se plaintiffs or those unable to pay for legal services.
Accordingly, the trial judge’s order is affirmed except with respect to the time allowed to obtain counsel and plaintiff is allowed sixty days from this date to obtain legal counsel. If plaintiff fails to do so the matter shall be again presented to the court for its decision.
February 2, 1982
By order of November 20, 1981, the corporate plaintiff in this case wa granted 60 days from that date within which to obtain counsel. Upon consideration thereof, the 60 days having expired with no attorney having been designated,
it is ordered this date that the petition is dismissed.