This case is before the court without oral argument on defendant’s motion to dismiss. For the reasons discussed *964 below, we allow that motion but dismiss the petition without prejudice.
The petition herein is the third petition in which recovery is sought for an alleged breach of a contract between the United States and plaintiffs’ closely held corporation, the Whited Company, Inc. In the first suit, Ct. Cl. No. 464-81C, 229 Ct. Cl. 623, the company itself brought suit against the United States. In that suit, the company was represented by Mr. Whited, who is not an attorney. The case law in this court is clear, however, that a corporation must be represented by an attorney. See, e.g., Algonac Mfg. Co. v. United States, 198 Ct. Cl. 258, 260-61, 458 F.2d 1373, 1375 (1972); Jamsar, Inc. v. United States, 226 Ct. Cl. 688 (1981); S.R. Weinstock & Assoc., Inc. v. United States, 223 Ct. Cl. 677, 679 (1980). Dismissal of an action is appropriate where a corporate plaintiff refuses to obtain an attorney. See International Institute for Fundamental Studies, Inc. v. United States, 222 Ct. Cl. 626, 632-33 (1980); Door to Door International, Inc. v. United States, 229 Ct. Cl. 467, 468 (1981). Accordingly, in Whited Co. v. United States, 229 Ct. Cl. 623 (1981), we pointed this out to Mr. Whited and allowed the corporation 60 days to obtain legal counsel. Whited Company thereafter made no effort to obtain counsel and in Whited Co. v. United States, 229 Ct. Cl. 624 (1982), we dismissed the corporation’s petition.
During this period, Mr. Whited and his wife also brought suit as individuals in Ct. Cl. No. 159-82C, again alleging a breach of the corporation’s contract with the United States. In Whited v. United States, ante at 911, we dismissed that petition in that Mr. and Mrs. Whited were not proper parties to bring suit on breach of the corporation’s contract. See Algonac Mfg. Co., supra; S.R. Weinstock & Assoc., Inc., supra.
In the present suit, Ct. Cl. No. 713-81C, the petition again alleges breach of the corporation’s contract with the United States and seeks damages in excess of $10,000. The petition also alleges it is properly filed in this court as a "stockholder derivative action” under Federal Rule of Civil Procedure 23.1. The present petition, however, must also be dismissed. Federal Rule of Civil Procedure 23.1 was adopted, as were all the Federal Rules of Civil Procedure, under the Supreme *965 Court’s authority to regulate civil practice in the federal district courts. See 28 U.S.C. §2072 (1976). The Federal Rules of Civil Procedure do not control in the Court of Claims, however. Under 28 U.S.C. §2071, this court has the power to adopt rules controlling the procedure here. While we might have done so, we have never adopted a counterpart to Federal Rule of Civil Procedure 23.1, allowing stockholders to sue the Government on behalf of their corporation. Cf. Quinault Allottee Association v. United States, 197 Ct. Cl. 134, 137-139, 453 F.2d 1272, 1274-1275 (1972) (notions similar to those under Fed. R. Civ. P. 23 are applicable to class actions in the Court of Claims). In the absence of such a rule, this panel of the court is clearly bound by our previous decisions in Algonac Manufacturing Co., supra, and S. R. Weinstock & Associates, Inc., supra, and, indeed, our recent decision in Whited v. United States, ante at 623-24, supra. Those decisions are clear that a shareholder, even a majority or sole shareholder, may not bring suit as an individual alleging breach of his corporation’s contract with the United States. The present petition cannot be brought in this court and will be dismissed.
Plaintiffs may wish to pursue their "stockholders derivative action” under Federal Rule of Civil Procedure 23.1 in an appropriate United States District Court. Under 28 U.S.C. §1346(a)(2), the federal district courts have concurrent jurisdiction with this court of all claims against the United States for less than $10,000. It appears the appropriate district court is that for the Eastern District of Washington, located in Spokane. We are unable to transfer this case there directly under 28 U.S.C. §1506, however, as plaintiffs’ claim for damages "in excess of $10,000” places the present petition beyond any district court’s jurisdiction.
it is therefore ordered that defendant’s motion to dismiss the petition be and is' hereby granted. The petition is dismissed without prejudice.
*966 June 18,1982