SERMOR INC., Plaintiff,

v.

The UNITED STATES of America, Defendant.

No. 431–86C.

United States Claims Court.

July 24, 1987.

David Stinson, Washington, D.C., with whom were Asst. Atty. Gen. Richard K. Willard, and David M. Cohen, for defendant.

ORDER

HORN, Judge.

The Complaint in this case was originally filed on July 7, 1986, together with motions for a Temporary Restraining Order and a Preliminary Injunction. The Court deferred a ruling on the defendant's July 8, 1986 Motion to Dismiss the entire Complaint in order to allow plaintiff, Sermor Inc., to cure filing defects regarding the real party in interest, and the failure to appear in the action by legal counsel, as required by Rule 81(d)(7) of the Rules of the United States Claims Court. On July 11, 1986, those portions of the original action, covering solicitations which had been awarded prior to filing of the action in this Court, were dismissed for lack of subject

matter jurisdiction. The requests for temporary injunctive relief subsequently were denied on October 3, 1986, leaving only plaintiff's requests for a permanent injunction and declaratory relief regarding two remaining solicitations before the Court for decision. During the course of the proceedings, the Court was informed that award was also made of a third solicitation, eliminating the possibility of injunctive relief regarding this solicitation.

Plaintiff's Petition of Joiner [sic], filed on January 15, 1987, represents Mr. Morsani's most recent effort to represent the corporate-plaintiff, Sermor Inc., *pro se*. In it, Mr. Morsani has requested this Court to allow him to join in this action as debtor in possession and represent the corporate-plaintiff without an attorney.

For the reasons stated below, plaintiff's Petition of Joinder is denied. Furthermore, the Court feels it has already been overly indulgent in this action, and feels that it now has no choice but to dismiss the action in its entirety.

### Background

When filed, the caption in the case now before the Court originally listed the plaintiffs as "Sermor Inc. and Sergio Morsani Jr., individually and as a shareholder of

Sermor Inc."[1] In the Complaint, as filed on July 7, 1986, the plaintiff requested injunctive and declaratory relief, against the defendant's representatives, the Secretary of Defense, the Secretary of the Navy, the Secretary of the Air Force, the Director of the Defense Logistics Agency, the Commander of Warner Robins Air Logistics Center, the Commander of Navy Ships Parts Control Center, and the Commander of Defense Contract Administration Services Management Area ("DCASMA"). The plaintiff also requested the Court to enter a Temporary Restraining Order and/or a Preliminary Injunction.

The Complaint requests the Court to restrain the defendant from making awards or disbursing funds under four solicitations.[2] Plaintiff also asks the Court to find that Sermor Inc. has been the victim of defacto debarment by the government, which has prevented the plaintiff from entering into twenty-five contracts with the federal government, notwithstanding the fact that it has been the lowest bidder. Plaintiff further requested that defendant be restrained from using corporate-plaintiff's past performance pertaining to nine previously completed contracts as a basis

---

1. The Court allowed the Complaint to amended on October 3, 1986. The Amended Complaint was captioned only *"Sermor Inc.", Plaintiff vs. The United States of America, Defendant.* Mr. Morsani was no longer listed as a plaintiff. In the Amended Complaint the plain-

tiff re-alleged all of the allegations in the original Complaint as well as added several new military officials to the list of government representatives of the defendant, and alleged several new instances of illegal defacto debarment.

2.

| Solicitation No. | Part | Government Client |
|---|---|---|
| N00104–86–B–0069 | Track Rotor | Navy Ships Parts Control Center |
| F09603–86–R–3130 | Track Rotor | Warner Robins Air Logistics Center |
| F09603–86–R–8058 | Track Rotor | Warner Robins Air Logistics Center |
| F09603–86–R–8225 | Track Rotor | Warner Robins Air Logistics Center |

for not awarding future contracts to the plaintiff.[3]

In the original Complaint, Mr. Morsani signed the Complaint "Sergio Morsani, Jr., reprenting [sic] plaintiff Sergio Morsani, Jr. an individual *PRO SE*", apparently representing only his own interests. At the status conference held on July 8, 1986, one day after the complaint was filed, he modified his position by saying that he was bringing the action, *pro se*, on his own behalf and on behalf of Sermor Inc., a corporation which Mr. Morsani indicated did not have the necessary funds to hire legal counsel. Mr. Morsani acknowledged, however, that he was not in possession of a corporate resolution authorizing suit on behalf of the corporation. A corporate resolution, dated July 14, 1987, authorizing retention of counsel to represent its interests was subsequently filed with the Court, signed by Irene Morsani, as Chairman; Julian Morsani, as Board Member, and Sergio Morsani, Jr., as President.

Also during the July 8, status conference, the defendant offered Motions to Dismiss the plaintiff's Complaint. Defendant maintained that the plaintiff must be represented by counsel, pursuant to Rule 81(d)(7) of the Rules of the United States Claims Court (RUSCC), and that because the plaintiff was not properly represented by counsel, the action should be dismissed. Alternatively, the defendant stated that if the Court did not approve its motion to dismiss the entire action, that portion of the Complaint pertaining to solicitations No. F09603–86–R–8058 and No. F09603–86–R–3130, already awarded, should be dismissed for lack of subject matter jurisdiction.[4]

By Order of July 11, 1986, the Court dismissed those portions of the Complaint which referred to solicitations No. F09603–86–R–8058 and No. F0903–86–R–3130, for lack of subject matter jurisdiction. The Court also ruled that Sermor Inc. was the real party in interest in this case in which the corporation had responded to the government's solicitations and would have been the party to any contract. The Court denied Mr. Morsani's request to appear on behalf of the corporation or to pursue the action *pro se*, or as a shareholder, on his own behalf,[5] pursuant to RUSCC 81(d)(7), which requires that a corporation must be represented by legal counsel.

To date, the Court has given the plaintiff every opportunity to rectify the real party in interest defect and to cure the failure to be represented by counsel. Plaintiff corporation has apparently been unable or unwilling to comply with the Rules of this Court and has attempted, once again, to develop a new theory as to why such compliance should not be required.

A Notice of Appearance, showing Robert Claire as attorney for Sermor Inc. was filed on July 31, 1986. However, in a Motion to Withdraw as Counsel, filed less than one month later on August 29, 1986, by Mr. Claire, he stated that the plaintiff unilaterally, without Mr. Claire's consent, had filed the Notice of Appearance dated July 31, 1986. Moreover, Mr. Claire indicated that

---

3. *See* paragraph 64 of plaintiffs' Complaint filed on July 7, 1986.

| | | |
|---|---|---|
| 1. DAAJ09–81–C–1455 | | Track, Helicopter, Ground |
| 2. F41608–81–C–2322 | | Jack Assembly |
| 3. DAAA09–81–C–2488 | | Smoke Grenade Launcher |
| 4. F09603–81–C–4921 | | Track Rotor |
| 5. F42600–81–C–6026 | | Pin Engine |
| 6. N00104–81–C–7656 | | Dolly, Mine |
| 7. F42600–82–C–4045 | | Bolt |
| 8. N00383–82–C–1252 | | Breach, Ejector |
| 9. DAAJ09–82–C–B167 | | Support, Assembly, Tailkom |

---

4. The defendant's motion to dismiss the action at least as it pertains to solicitations No. F09603–86–R–8058 and No. F09603–86–R–3130, was supported by the uncontroverted declaration of John W. Vinson, III, a contracting officer, who attested to the fact that these contracts had been awarded on dates prior to the filing of the Complaint in this Court.

5. Mr. Morsani based his claim to appear as shareholder in this case, on a shareholder's derivative action theory, which has it roots in Rule 23.1 of the Federal Rules of Civil Procedure, F.R.C.P. 23.1; a rule which has never been adopted for use in the United States Claims Court.

the plaintiff had failed to pay a retainer fee for his services. This Court granted Mr. Claire's Motion to Withdraw by Order dated August 29, 1986.

Subsequently, the board of directors, by corporate resolution dated September 6, 1986 and signed by Irene Morsani as Chairman, Julian Mosani, Board Member and Sergio Morsani, Jr. as President, retained Mr. William Dekle Day, as successor counsel for the corporation in the present action. Mr. Day appeared on behalf of the plaintiff during a status conference held on September 10, 1986, and indicated his intent to represent the corporation in this action. Mr. Day ultimately also moved the Court to allow him to withdraw as counsel for the plaintiff, which was granted by a Court Order dated December 18, 1986. Like his predecessor, Mr. Day asked to be relieved as plaintiff's counsel, based on plaintiff's failure to compensate counsel for services rendered. Since that time, no new notice of appearance has been filed in this action.

On September 10, 1986, by status report, the defendant's attorney informed the Court, that solicitation No. N00104–86–B–0069 had been awarded by the Department of the Navy on July 18, 1986. Any possibility for the plaintiff's requested injunctive relief regarding this solicitation was, therefore, eliminated.[6]

During a status conference held on September 19, 1986, the Court denied the plaintiff's Motions for a Temporary Restraining Order and Preliminary Injunction regarding the remaining solicitation No. F09603–86–R–8225. The denial was formalized in an Order filed by the Court on October 3, 1986.

On January 15, 1987, Mr. Sergio Morsani, Jr., has once again filed a motion in which he evidences his continuing desire to represent Sermor Inc. in this Court, this time on the theory that as the alleged debtor in possession of Sermor Inc. in a pending Bankruptcy action he is entitled to join in the action in this Court. Mr. Morsani claims to have been appointed the debtor in possession of the corporate-plaintiff, by the United States Bankruptcy Court for the Southern District of Florida. He, therefore, argues that pursuant to Bankruptcy Rule 6009, Bankr. Rule 6009, 11 U.S.C. (1982), he should be permitted to represent the plaintiff, without an attorney, before this Court.

In response to the January 15, 1987 motion, in papers filed with the Court, the defendant contends that Sermor Inc., the plaintiff, not Mr. Morsani, has been appointed the debtor in possession of the corporation, which has voluntarily filed under Chapter XI of the Bankruptcy Act, 11 U.S.C. §§ 1161–74 (1982). The defendant contends that following the Claims Court rules, unless the corporate-plaintiff, Sermor Inc. is represented by legal counsel as required by RUSCC 81(d)(7), the Complaint must be dismissed.

### Discussion

■ The Supreme Court of the United States as well as all other Courts established by acts of Congress are empowered to "prescribe rules for the conduct of their business." 28 U.S.C. § 2071 (1982). The one qualifying provision of this statute is that all such local court rules must be consistent with the Acts of Congress and the rules of practice and procedure established by the Supreme Court. This statute, therefore, empowers the United States Claims Court to prescribe its own rules of practice and procedure to govern all proceedings in the Claims Court. 28 U.S.C. § 2503(b) (1982); *United States v. Hvass*, 355 U.S. 570, 575, 78 S.Ct. 501, 504, 2 L.Ed.2d 496 (1958). The Court has issued the Rules of the United States Claims Court, RUSCC, 28 U.S.C. (1982), which govern all actions in the United States Claims Court.

The United States Code at 28 U.S.C. § 1654, provides the federal courts with certain guidance regarding plaintiff's right to *pro se* representation. Section 1654 states that "[i]n all courts of the United

---

**6.** The defendant's report was supported by the filing of the uncontroverted affidavit of contracting officer, Robin Faust, confirming the award of solicitation N00104–86–B–0069.

**5**

States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein." 28 U.S.C. § 1654 (1982). The courts have consistently construed this section to grant a right of *pro se* representation only to individuals. *See Russell v. United States,* 308 F.2d 78 (9th Cir.1962); *Collins v. O'Brien,* 208 F.2d 44 (D.C.Cir. 1953), *cert. denied,* 347 U.S. 944, 74 S.Ct. 640, 98 L.Ed. 1092, *reh'g denied,* 347 U.S. 970, 74 S.Ct. 776, 98 L.Ed. 1111 (1954).

█ Unlike individuals, corporations are artificial entities created by the law, which cannot appear personally in an action, but must make appearances through agents. The rule is well settled that corporate agents who appear on the behalf of corporations in federal courts must be attorneys and not directors, officers or shareholders of the corporation. *Osborn v. President, Directors, and Company of the Bank of the United States,* 22 U.S. 326, 365–66, 9 Wheat 739, 829–31, 6 L.Ed. 204 (1824); *Commercial and Railroad Bank of Vicksburg v. Slocomb, Richards and Co.,* 39 U.S. 346, 348, 14 Pet. 62, 65, 10 L.Ed. 354 (1840); *Richdel, Inc. v. Sunspool Corp.,* 699 F.2d 1366 (Fed.Cir.1983) (Although a corporation is suffering from financial difficulties, the president of the corporation, who is not an attorney, cannot represent the corporation in order to save on legal fees.); *Flora Const. Co. v. Fireman's Fund Ins. Co.,* 307 F.2d 413, 418 (10th Cir.1962), *cert. denied,* 371 U.S. 950, 83 S.Ct. 505, 9 L.Ed.2d 499, *reh'g denied,* 373 U.S. 919, 83 S.Ct. 1296, 10 L.Ed.2d 419 (1963); *In re Victor Publishers, Inc.,* 545 F.2d 285 (1st Cir.1976); (In construing 28 U.S.C. § 1654, the Court found that a non-lawyer president of a corporation cannot represent the debtor corporation in a bankruptcy proceeding. The only authorized agent of a corporation who may appear in federal court as its representative, is an attorney at law authorized to practice in that particular federal court.); *Philips v. Tobin,* 548 F.2d 408, 411 (2d Cir.1976) (A shareholder's derivative suit is a suit belonging to the corporation and not to the stockholders. The representative share-

holder, therefore, cannot appear without an attorney.); *United States v. 9.19 Acres of Land, Marquette Co.,* 416 F.2d 1244 (6th Cir.1969) (In interpreting 28 U.S.C. § 1654, the Court held that the president of a corporation may not represent his corporation before a Federal Court.); *Whited Company, Inc. v. United States,* 230 Ct.Cl. 963 (1982) (A corporation cannot appear through one of its stockholders; an individual who is not an attorney cannot appear on behalf of a corporation and a shareholder's derivative suit did not properly lie in this Court's predecessor, the Court of Claims.); *S.R. Weinstock and Associates, Inc. v. United States,* 223 Ct.Cl. 677, 679, 650 F.2d 286 (1980); *International Institute for Fundamental Studies, Inc. and Von Brattman Publications, Inc. v. United States,* 222 Ct.Cl. 626, 650 F.2d 289 (1980) (The founder and president of a corporation, who was not an attorney, could not represent the corporation.).

█ In *Williams v. United States,* No. 87–1075, slip. op. (March 11, 1987) [818 F.2d 877 (table)], the Federal Circuit recently reiterated this long standing principle and stated:

> The appellant could not litigate in the Claims Court those issues on behalf of the corporate taxpayer in his capacity as a stockholder and officer of the taxpayer. *See Algonac Mfg. Co. v. United States,* 198 Ct.Cl. 258, 260–61, 458 F.2d 1373, 1375 (1972) (non-lawyer may not bring suit in the Court of Claims on behalf of taxpayer corporation). *Williams,* slip op. at 2.

The present rules of this Court, which are consistent with both the past and present practices and decisions of all federal courts, including the Federal Circuit, require a corporate-plaintiff to be represented by an agent who is a qualified attorney. RUSCC 81(d)(7).

█ If a corporate-plaintiff does not, or refuses to obtain an attorney, it is appropriate at the outset, for the Court to dismiss the action. *Algonac Mfg. Co. v. United States,* 192 Ct.Cl. 649, 654, 428 F.2d 1241 (1970); *Jasmar, Inc. v. United States,* 226

**6**

Ct.Cl. 688, 689 (1981); *Whited v. United States*, 230 Ct.Cl. 963, 964, *cert. denied*, 459 U.S. 871, 103 S.Ct. 157, 74 L.Ed.2d 131 (1982); *International Institute for Fundamental Studies, Inc. and Von Brattmen Publications, Inc. v. United States*, 222 Ct.Cl. at 632–33, 650 F.2d 289.

▪ Mr. Morsani has repeatedly indicated to this Court, using several different legal theories, his desire to represent, *pro se*, the interests of the corporate-plaintiff in this action. The plaintiff's newest motion suggests that Sermor Inc. filed a voluntary Chapter XI Bankruptcy petition. In addition, Mr. Morsani contends that he was appointed the debtor in possession of the corporation in bankruptcy and pursuant to Bankruptcy Rule 6009, Bankr. Rule 6009, 11 U.S.C. (1982), is entitled to represent, *pro se*, before this Court the interests of the corporation.

Attached to Mr. Morsani's motion in this Court, offered as proof of his contention that he has been appointed the debtor in possession of Sermor Inc., was a "Debtor's Petition" filed in the United States Bankruptcy Court of the Southern District of Florida on March 14, 1984. The caption of the petition, as filed in the Bankruptcy Court, read *"In re: Sermor, Inc., Debtor-in-Possession"*. Mr. Morsani's name does not appear anywhere in the petition. Mr. Morsani's name appears only on a Declaration, attached to the petition, to indicate that the filing of the petition on behalf of the corporation has been authorized. Although no official judicial authorization or decision evidencing the bankruptcy status was included with plaintiff's motion filed in this Court, it seems that the March 14, 1984 petition for Chapter XI status may have been granted. The words "RELIEF ORDERED" appear to have been stamped on the face of the petition. The copy of the bankruptcy petition offered to this Court, however, is nothing more than a photostatic copy. It is not a Bankruptcy Court, certified copy of a document indicating the retention of a debtor in possession.[7]

We note further that paragraph 2 of the March 14, 1984 bankruptcy petition filed by Sermor Inc. clearly states that the "[p]etitioner is a corporation", and paragraph 3 states that the "[p]etitioner ... is entitled to the benefits of Title 11, United States Code, as a voluntary debtor." Not being in possession of any further Bankruptcy Court documentation to the contrary, assuming the March 14, 1984 bankruptcy petition is a true copy and that relief requested has indeed been granted, taken as a whole, the Bankruptcy Court petition would indicate that Sermor Inc., the corporation, not Mr. Morsani, has been appointed the debtor in possession of itself.[8]

Moreover, Bankruptcy Rule 1101, Rule 1101, 11 U.S.C. (1982), defines a "debtor in possession" to mean the "debtor" except when a trustee, who has qualified under 11 U.S.C. § 322 (1982) and was appointed pursuant to 11 U.S.C. § 1104 (1982), is serving in the bankruptcy action. In general, in a Chapter XI bankruptcy action in which there is no need for a trustee and one has not been appointed, the debtor corporation will remain in possession of the assets of the estate. Such a debtor is referred to as a "debtor in possession" and is vested with many of the same powers and duties as an appointed trustee. The corporation merely changes from being referred to as a "corporate-debtor" to being named the "corporate-debtor in possession", while remaining in control of the corporations activities. 9 Am.Jur.2d, Bankruptcy §§ 202–207 (1980).

Based on the above discussion, the plaintiff in the case before this Court is the corporate entity Sermor Inc., whether as a debtor in possession or not. In accordance with Rule 81(d)(7) of this Court, Sermor Inc., a corporate plaintiff, must obtain legal

---

7. As indicated in Bankruptcy Rule 2011, Bankr. Rule 2011, 11 U.S.C. (1982), when evidence of the appointment of a debtor in possession "is required," the clerk may certify the document which would then constitute conclusive evidence of the appointment.

8. Mr. Morsani's reliance on Rule 6009 in his papers submitted to this Court also fails. Rule 6009 allows a "trustee or debtor in possession to pursue actions or enter notices of appearance on behalf of the estate in any tribunal." Sermor Inc., not Mr. Morsani, appears to have been named the debtor in possession.

counsel to represent its interests in this Court.

The Court would also like to point out that based on the March 14, 1984 filing date of the Bankruptcy Court petition and the July 7, 1986 filing date of the original Complaint in this Court, Mr. Morsani in his various filings and representations to this Court and at status conferences has been less than totally forthcoming with the Court. At no time prior to the January 15, 1987 filing in this Court did Mr. Morsani offer the fact that Sermor Inc. had been undergoing Chapter XI reorganization since 1984. In fact, copies of the corporate resolutions of Sermor Inc. dated July 14, 1986, and September 9, 1986, filed with this Court on September 17, 1986, both contain signatures of all corporate officers. The corporate decisions to pursue this action and to retain William Dekle Day, Esquire, give no indication that the corporation was under the jurisdiction of the Bankruptcy Court. The September 17, 1986 filings are further indications that Sermor Inc. has continued to conduct its own business affairs.

### Conclusion

Based on the above discussion, the plaintiff's January 15, 1987 Motion for Joinder of Mr. Morsani in the present action is denied. From the evidence, or lack of evidence submitted, including the March 14, 1984 petition, possibly granted by the Bankruptcy Court of the Southern District of Florida, this Court can do nothing else but conclude that Sermor Inc., plaintiff, has been appointed the debtor in possession of itself and is presently operating as such. Mr. Morsani has not been appointed the debtor in possession of Sermor Inc. Nor could Mr. Morsani be an actual party to the disputed contracts. Sermor Inc., whether debtor in possession or not, is the real party in interest and the actual party which competed for the contracts at issue in this action.

Under Rule 81(d)(7) of the United States Claims Court, the corporation, Sermor Inc. is required to be represented in this Court by counsel. Since December 18, 1986, Sermor Inc. has not been represented by counsel. Moreover, at the onset of this litigation, Sermor Inc. was not represented by counsel and was represented by an attorney only for extremely brief periods of time during the proceedings in this case.

The patience of the Court has now worn thin. The Court has granted amendments to the original Complaint, allowed numerous unusual motions to be filed and allowed two attorneys to withdraw from the case. The action is, therefore, dismissed, at this time, without prejudice, based on the failure of Sermor Inc. to secure the assistance of legal counsel, after having had fair opportunity and ample time to do so. Although the Complaint is dismissed without prejudice, the Court wishes Sermor Inc., and its president, Mr. Morsani, to understand that in the future, strict compliance with the Rules of this Court will be required of a party seeking to pursue an action in this Court. The Clerk is directed to enter judgment in accordance with this Order.

IT IS SO ORDERED.