845 F.2d 1033
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Charles R. and Florine J. DAVIS, Plaintiffs-Appellants,
v.
The UNITED STATES, Defendant-Appellee.
 No. 87-1520.
 United States Court of Appeals, Federal Circuit.
 Feb. 8, 1988.
 
 Before DAVIS, EDWARD S. SMITH and PAULINE NEWMAN, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 The decision of the United States Claims Court, dismissing appellants' complaint, is affirmed.
 
 OPINION
 
 2
 Plaintiffs-Appellants brought suit in the Claims Court seeking monetary damages for injuries allegedly attributed to a contract dispute between their wholly-owned corporation and the United States. The Claims Court dismissed the complaint on the alternative grounds that (a) because the claim was on behalf of the corporation, that entity could not be represented by its owner but had to appear through an attorney, and (b) in any event the complaint failed to state a claim on which relief can be granted.
 
 
 3
 Without reaching the second ground, we affirm on the first basis given by the Claims Court. The rule of the Claims Court is that a non-lawyer individual cannot represent a corporation in that court. RUSCC 81(d)(7). That mandate has long been established. Algonac Mfg. Co. v. United States, 458 F.2d 1373, 1375 (Ct.Cl.1972); S.R. Weinstock & Assocs., Inc. v. United States, 223 Ct.Cl. 677, 679-80 (1980); Whited Co. v. United States, 229 Ct.Cl. 623, 624 (1981). It makes no difference that appellants are the co-owners of the corporation; the latter must still be represented by an attorney. The Claims Court was therefore correct in holding that appellants, who are not lawyers, could not maintain the suit on behalf of their corporation.