873 F.2d 1450
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
In re CATTLE KING, INC.
 Misc. No. 234.
 United States Court of Appeals, Federal Circuit.
 Feb. 2, 1989.
 
 Before RICH, NIES and PAULINE NEWMAN, Circuit Judges.
 PAULINE NEWMAN, Circuit Judge.
 
 ORDER
 
 1
 Rudy Stanko has submitted a petition for writ of mandamus on behalf of Cattle King, Inc. to direct the Claims Court to file his motion for leave to personally represent Cattle King, Inc.
 
 
 2
 From the documents submitted, it appears that the following occurred. On November 14, 1988, Stanko filed a motion to be allowed to personally represent the corporation, Cattle King, Inc. On November 21, 1988, the Clerk, pursuant to the instructions from the Claims Court judge, returned the motion unfiled because proof of service to an attorney of record was missing and because the motion did not comply with Claims Court Rule 81(d)(7) requiring a corporation to be represented by counsel.
 
 
 3
 Here, Stanko argues that the Claims Court "denied [his] motion before it was even filed," and that such action violated his constitutional rights.
 
 
 4
 As a threshold matter, a corporation appearing before this court must be represented by counsel. Richdel, Inc. v. Sunspool Corporation, 699 F.2d 1366 (Fed.Cir.1983). Accordingly, Cattle King's petition for writ of mandamus submitted here will be dismissed for failure of counsel to enter an appearance on behalf of the corporation.*
 
 
 5
 Upon consideration thereof,
 
 IT IS ORDERED THAT:
 
 6
 Cattle King, Inc.'s petition for writ of mandamus is dismissed.
 
 
 
 *
 While we do not reach the merits of the writ, we note that by Stanko's own admission, the Claims Court did, in effect, rule on his motion. Further, it is well-settled that a corporation must be represented by counsel in the Claims Court. See Whited Co. v. United States, 230 Ct.Cl. 963 (1982); S.R. Weinstock & Assocs., Inc. v. United States, 223 Ct.Cl. 677 (1980); Algonac Mfg. Co. v. United States, 458 F.2d 1373 (Ct.Ct.1972)