**MIDSTAR, INC., Plaintiff,**

v.

**UNITED STATES, Defendant.**

**No. 93–360 C.**

United States Court of Federal Claims.

July 14, 1995.

Jon W. van Horne, Washington, DC, for plaintiff.

Luis M. Matos, Washington, DC, with whom were James M. Kinsella, Asst. Director, David M. Cohen, Director, Commercial Litigation Branch, and Frank W. Hunger, Asst. Atty. Gen., Civ. Div., U.S. Dept. of Justice, for defendant.

## OPINION

SMITH, Chief Judge.

This case is before the court on counsel for the plaintiff's motion to withdraw and defendant's motion to compel discovery and/or to show cause why this case should not be dismissed and judgment entered for defendant. For the reasons stated below, this court finds that these motions should be granted such that plaintiff's current attorney of record may withdraw, and plaintiff is ordered to substitute new counsel and respond to defendant's discovery request. Failure to comply with this order within thirty days will force this court to dismiss plaintiff's complaint and grant the motion by the government to recover the full amount of its counterclaim.

## FACTS

On June 4, 1993, plaintiff, Midstar, Inc. (Midstar) filed a complaint in this court seeking damages for the government's alleged breach of a contract for fire hose nozzles. On August 13, 1993, the defendant filed an answer, asserting a counterclaim for the return of $334,461.07 in progress payments. This demand was also made by the contracting officer. Plaintiff filed an answer denying defendant's counterclaim on September 1, 1993.

On August 18, 1993, plaintiff served its first set of interrogatories upon the defendant, to which defendant responded on September 17, 1993. Pursuant to the parties' Joint Preliminary Status Report, on October 28, 1993, this court ordered that discovery be concluded by August 1, 1994. On May 20, 1994, defendant served its first interrogatories and request for production of documents upon plaintiff. Before plaintiff's responses were due, plaintiff's counsel obtained from the government a verbal agreement to allow an additional thirty days to respond. On August 1, 1994, the plaintiff filed an unop-posed motion to extend discovery until December 31, 1994, which this court granted on August 12, 1994. Since plaintiff's responses were still outstanding, defendant requested immediate responses in a letter dated August 18, 1994.

On August 29, 1994, plaintiff filed a motion to suspend this case pending a criminal investigation related to the performance of this same contract that was proceeding in Chicago. By order dated September 12, 1994, this court ordered suspension of this case until January 30, 1995; before which time the parties were directed to advise this court if the suspension should be extended. The court's order also provided that plaintiff was to respond to defendant's discovery requests within thirty days of the termination of suspension of the proceedings.

Neither party informed the court that the suspension should be extended by January 30, 1995, and consequently the suspension period terminated on the same day. Still seeking discovery responses from the plaintiff, defendant mailed a letter dated March 10, 1995 demanding such responses by March 17, 1995. On May 2, 1995, the defendant filed a motion to compel these responses and/or to show cause why this case should not be dismissed and judgment entered for defendant. Defendant has still not obtained plaintiff's responses to its first discovery requests.

On May 10, 1995 plaintiff's counsel filed a motion to withdraw as attorney of record, stating in part:

Counsel for Plaintiff has for some time experienced great difficulty in obtaining the cooperation of the client for discovery in this matter. Counsel presently lacks any direction on how to proceed. Counsel has, in fact, lost all communication with the client.

Defendant filed a response to plaintiff counsel's motion to withdraw on May 18, 1995, and the court held oral argument on July 12, 1995. According to plaintiff's counsel, plaintiff's representative, who is also Midstar's president, Henry Masquelier, is incommunicado; and there are no other known company employees or principals.

## DISCUSSION

### Motion to Substitute Counsel

Pursuant to Rule 81(d)(8) of the United States· Court of Federal Claims (RCFC), a corporation may not proceed in this court without counsel. Both the Court of Claims and this court have held that if a corporate-plaintiff refuses to comply with this rule, dismissal of the complaint is appropriate. *See, e.g., Whited v. United States,* 230 Ct.Cl. 963, 964, 1982 WL 1408, *cert. denied,* 459 U.S. 871, 103 S.Ct. 157, 74 L.Ed.2d 131 (1982); *Algonac Mfg. Co. v. United States,* 192 Ct.Cl. 649, 654, 428 F.2d 1241 (1970); *Sermor, Inc. v. United States,* 13 Cl.Ct. 1, 5–6 (1987).

In the cases mentioned above, the government had not filed any counterclaims, so dismissal resolved the entire matter. In the case at bar, the government has asserted a counterclaim of $334,461.07 in progress payments. Courts have provided defaulting parties an additional opportunity to be heard when their opponent has asserted a counterclaim. *See, e.g., Daewoo Electronics Corp. of America v. Western Auto Supply Co.,* 975 F.2d 474, 476 (8th Cir.1992), *reh'g denied* (Oct. 9, 1992). In *Chemray Coatings Corp. v. United States,* 27 Fed.Cl. 470, 471 (1993), Judge Nettesheim was faced with a similar situation because Chemray refused to allow its counsel access to vital information. Judge Nettesheim found that RCFC 55(a)'s provision for default judgments applies to counterclaims,[1] and ordered Chemray to substitute new counsel by a specified date. The order provided that if Chemray failed to substitute new counsel by the specified date, its complaint would be dismissed and the government would be permitted to move for the entry of default judgment on the full amounts of its counterclaims under expedited briefing as provided in RCFC 77.1(b)(2).

At oral argument, plaintiff's counsel confirmed that he has been unable to contact Midstar's president or any other company principals (if any exist) after repeated attempts. Based on the fact that plaintiff's counsel is unable to communicate and receive direction from his client, the court finds that it is appropriate to allow present counsel to withdraw and order plaintiff to obtain new counsel or have its case dismissed. The approach used in *Chemray* is adopted here. This court will provide plaintiff an opportunity to substitute counsel, proceed with its case, and defend against the counterclaim. However, if plaintiff fails to move to substitute counsel within thirty days, this court shall dismiss plaintiff's case and enter judgment on the full amount of defendant's counterclaim. Allowing defendant's counterclaim without further delay, if plaintiff fails to secure new counsel, is especially appropriate in this case because defendant has already moved for judgment on its counterclaim, and without new counsel further briefing would be futile.

Accordingly, based upon the forgoing, IT IS ORDERED, as follows:

1. Mr. van Horne's motion to withdraw as counsel of record is granted. Mr. Van Horne will forward a copy of this order to every address he has on file for Midstar or its president Henry Masquelier.

2. Mr. van Horne shall forward a copy of this order to Midstar's local counsel, Michael D. Hughes.

3. Plaintiff shall file in this court a motion to substitute counsel within thirty days of the issuance of this order both to prosecute this action and defend against defendant's counterclaims.

4. If plaintiff fails to comply with this order, the court will dismiss this case for failure to prosecute pursuant to RCFC 41(b) and enter default judgment for defendant for the full

---

1. RCFC 55(a) and 55(d) are substantially identical to the same numbered Federal Rule of Civil Procedure, and provide in relevant parts:

(a) Entry. When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules ... the clerk shall enter the party's default.

(d) Plaintiffs; Counterclaimants. The provisions of this rule apply whether the party entitled to the judgment by default is a plaintiff, a third-party plaintiff, or a party who has pleaded a counterclaim.

amount of its counterclaims pursuant to RCFC 55(a).

5. If plaintiff files a motion to substitute new counsel, plaintiff shall have no more than thirty days from the filing of its motion to respond to defendant's first discovery request.

6. The clerk of the court shall serve a copy of this order on plaintiff's last know address, indicated on the exhibits which accompanied plaintiff's complaint.

**IT IS SO ORDERED.**