**AIR–SHIELD, INC., and Childrens's Hospital of Philadelphia, Plaintiffs,**

v.

**AIR REDUCTION COMPANY, Inc., Defendant.**

**No. 67 C 1767.**

United States District Court
N. D. Illinois, E. D.

Aug. 6, 1968.

Clyde F. Willian, Patrick H. Hume, Hume, Clement, Hume & Lee, Chicago, Ill., John T. Synnestvedt, Synnestvedt & Lechner, Philadelphia, Pa., for plaintiffs.

David L. Ladd, Theodore R. Scott, Dugald S. McDougall, McDougall, Hersh, Scott & Ladd, Chicago, Ill., for defendant; H. Hume Mathews, Murray Hill, N. J., of counsel.

### MEMORANDUM OPINION AND ORDER

NAPOLI, District Judge.

This is an action for the alleged infringement of five different patents re-

lating to infant incubators for premature infants. The defendant has filed a counterclaim seeking to have the patents declared invalid and unenforceable. The case is before the Court for ruling on defendant's motion for production of documents under Rule 34 of the Federal Rules of Civil Procedure.

The documents involved in this motion are the minutes of the meetings of the plaintiff's patent committee. The plaintiff objects to the production of these minutes asserting that the defendant has not shown "good cause" as required by Rule 34 and that the minutes are in any case protected from production by the attorney-client privilege.

■ The Court has determined that good cause for production of these documents does exist. The defendant asserts laches and late claiming as defenses to plaintiff's claims of infringement. Certainly the minutes of the meetings of the plaintiff's patent committee would be relevant in connection with these defenses and the defendant's only access to such minutes would be by motion to produce.

■ The Court has also determined that the attorney-client privilege cannot be asserted to protect these minutes from production. The minutes of the meetings of the plaintiff's patent committee are corporate records prepared prior to the time this law suit was instituted. When good cause is demonstrated, they should be produced.

The plaintiff's claim of privilege rests on the fact that outside counsel was present at each of the meetings of the patent committee. To allow this fact to immunize the minutes of a corporate committee meeting from production under Rule 34 would be to give too broad a scope to the attorney-client privilege. It would enable corporations to protect against the possible future production of any committee minutes simply by having outside counsel in attendance.

■ The attorney-client privilege does apply to communications between a corporation and its attorneys, whether they be "outside counsel" or "house counsel", when the attorney is acting as a lawyer in connection with the communications in question. United States v. United Shoe Machinery Corp., 89 F. Supp. 357 (D.C.Mass., 1950); Zenith Radio Corp. v. Radio Corp. of America, 121 F.Supp. 792 (D.C.Delaware, 1954). But to hold that an attorney is acting as a lawyer simply by attendance at the meetings of a corporate committee and thereby protect the minutes of those meetings from disclosure would be to expand the privilege too far, and open the doors to possible abuses.

In accordance with the foregoing, the defendant's motion to produce is granted and the plaintiff is given 30 days to produce the minutes of its patent committee meetings.