SHARP, Judge,
dissenting.
I dissent from the majority opinion. The mere presence of an attorney at a corporate meeting should not be sufficient to invoke the attorney-client privilege and thereby bar the corporate minutes from discovery. See Air Shield, Inc. v. Air Reduction Company, 46 F.R.D. 96 (N.D.Ill. 1968); Boyles v. Mid-Television Corporation, 431 So.2d 627, 639 (Fla. 5th DCA 1983).
The rule is that the attorney-client privilege applies only to those communications which materially facilitate the rendition of legal services by a lawyer. § 90.502(2), Fla.Stat. (1981). The communication must be primarily for the purpose of securing legal advice. See Zenith Radio Corporation v. Radio Corporation of America, 121 F.Supp. 792, 794 (D.C.Del.1954); United States v. United Shoe Machinery Corporation, 89 F.Supp. 357, 358 (D.C.Mass. 1950).
The purpose of Russell & Axon’s meeting was to review its business options. A fair characterization of the minutes after Mr. Burkett departed was not the seeking and giving of legal advice by corporate counsel. Russell & Axon’s attorney, who attended the meeting, said that the part of the meeting conducted in Mr. Burkett’s absence should be confidential because the subject of the company’s business negotiations with Mr. Burkett was going to be discussed. If those discussions were revealed, it would give Burkett an unfair advantage in that he would know the board’s feelings, motivations and strategies.
During the time Burkett was out of the meeting room, the directors discussed various business proposals and alternatives *459 and formed a committee to negotiate with Burkett. No legal advice was sought from the attorney present about the proposals or alternatives, and, as such, I do not think the attorney-client privilege is established. I agree with the trial court’s finding that the presence of counsel in this case was “merely incidental to the primary purpose of the meeting.”
In addition, petitioners claim the trial court erred in holding that the attorney-client privilege did not bar Mr. O’Steen and Mr. Sloan from answering certified questions put to them during their depositions taken in connection with these proceedings. The questions relate to the August 10th corporate meeting described in the majority opinion which was attended by O’Steen and Sloan.
(TO MR. O’STEEN)
Q. Okay. Were formal written minutes of the meetings kept?
Q. What part were minutes kept for?
MR. KANEY: Noah, I assume if I were to ask Mr. O’Steen what the Board’s reasons were for entering the September, '79 agreement that you would object to that?
Q. Do you know why he [Chairman of the Board of Russell & Axon, George Russell] felt differently between Mr. Wood and Mr. Burkett?
(TO MR. SLOAN)
Q. During the board meeting that was held, according to Noah, on August 10, 1979, were the matters discussed between you and Chuck in your breakfast meeting discussed in the board meeting?
Q. To your knowledge, did the board of directors of E.P.A. or of International take a vote on canceling the September ’79 agreement?
I agree with the trial court these questions should be answered. In Boyles, this court had a similar situation. We held the nine questions propounded in interrogatories should be answered. We said that the attorney-client privilege does not:
extend beyond the substance of the client’s confidential communications to the attorney.... Here the privilege is invoked to avoid questions as to the policy rationales behind programming decisions. No actual communications are sought by the questions, but rather only the reasons for the decisions that were made.
Id., at 639. This is consistent with the Supreme Court’s view in Upjohn Company v. United States, 449 U.S. 383,101 S.Ct. 677, 66 L.Ed.2d 684 (1981). The privilege only protects disclosure of communications to a attorney, not discovery of underlying facts which may have been communicated to an attorney. See Diversified Industries v. Meredith, 672 F.2d 596 (8th Cir.1977); Philadelphia v. Westinghouse Electric Corporation, 205 F.Supp. 830 (E.D.Pa. 1962); State ex rel Dudek v. Circuit Court, 34 Wis.2d 559, 150 N.W.2d 387 (1967); McCormick’s Handbook of the Law of Evidence, § 389 (Cleary 2d ed. 1972).
I would deny the writ.