This contracts case comes to us on cross-motions for summary judgment. Plaintiff is the successor-in-interest to Rogers Electrical Corporation (Rogers), an electrical subcontractor for Pacific Ventures, Inc. (Pacific). Plaintiff argues the existence, and breach by the government, of an implied-in-fact contract which allegedly required Rogers to provide %" conduits for a remodeling job at a Coast Guard Base in Kodiak, Alaska. As we conclude that no express or implied contract has been established between plaintiff and the United States, we grant defendant’s motion and dismiss plaintiffs petition.
During the performance of the remodeling work at the Coast Guard base, a dispute arose as to the minimum conduit size required for the project. Rogers asserted that the construction contract between Pacific and the defendant allowed the use of %" conduits, but the defendant’s Contracting Officer disagreed with this interpretation and insisted that %" conduits were required by the contract. The larger %" conduits were subsequently provided, but Pacific claimed excess costs of $49,610 and filed on behalf of Rogers an appeal for this amount with the Department of Transportation Contract Appeals Board. This appeal has been suspended, however, pending the outcome of a Justice Department investigation into Pacific’s activities.
Plaintiff timely, filed suit in this court alleging breach of an implied-in-fact contract between Rogers and the United States. Defendant alleges there was no basis for an implied-in-fact contract and, in any event, no privity.
Newbery Alaska has not alleged, nor does the evidence support, the existence of an express contract. Thus the fundamental issue which we first address is whether the elements of an implied-in-fact contract are present. After careful analysis, we do not find sufficient facts to support the existence of such a contract. The record does not establish the requisite "meeting of the minds” for an implied-in-fact contract See Baltimore & Ohio R.R. v. United States, 261 U.S. 592 (1923); Somali Development Bank v. United States, 205 Ct. Cl. 741, 508 F.2d 817 (1974); Algonac Manufacturing Co. v. United States, 192 Ct. Cl. 649, *755 428 F.2d 1241 (1970). Nor do plaintiffs cited cases assist it in any material way.
Because of our holding above, we find it unnecessary to address the issue of privity.
Accordingly, it is therefore ordered, upon consideration of the parties’ submissions, and with oral argument of counsel, that plaintiffs motion for summary judgment is denied. Defendant’s motion for summary judgment is granted. Plaintiffs petition is dismissed.[1]

 Pacific’s appeal before the DOT Contract Appe ils Board remains viable and our order herein does not necessarily determine whatever outcome may obtain in that case.