The plaintiff was the parent company of William B. Duffy Carting Co. ("Duffy”). In 1975, the Air Force awarded Duffy a one-year contract for packing and crating services. Duffy ran into federal tax troubles, however, and the government levied on all its receivables under the contract, rendering Duffy unable to perform. The plaintiff then wrote to the contracting officer requesting a name change in the contract from Duffy to it, stating that the same people would perform the services, but under the name of the parent company. The plaintiffs president discussed the name change with the contracting office, but the contracting officer never approved the change.
The plaintiff claims it performed the required work anyhow. It sought payment from the Air Force, but the Air Force refused. It then sued here. Its petition has two counts: the first seeks payment on the contract, the second claims unjust enrichment. The government has moved for summary judgment. The plaintiff has not responded. We grant the government’s motion in part and deny it in part.
1. Duffy and the plaintiff had state tax troubles, too. In September 1979, New York, their state of incorporation, dissolved both companies for failure to pay state taxes. The government argues that because the plaintiff is no longer *900 an existing corporation, it cannot sue here. Rule 61(b) of this court states that, "The capacity of a corporation to sue or be sued shall be determined by the law under which it is organized.” Ct. Cl. R. 61(b); see Mather Constr. Co. v. United States, 201 Ct. Cl. 219, 475 F.2d 1152 (1973).
New York law provides that a "dissolved corporation . . . may continue to function for the purpose of winding up the affairs of the corporation in the same manner as if the dissolution had not taken place.” N.Y. Bus. Corp. Law § 1006(a) (McKinney 1963). The dissolved corporation "may sue or be sued in all courts and participate in actions and proceedings, whether judicial, administrative, arbitrative or otherwise, in its corporate name.” Id. § 1006(a)(4). "The dissolution of a corporation shall not affect any remedy available to or against such corporation . . . for any right or claim existing . . . before such dissolution.” Id. § 1006(b).
The plaintiff claims it performed services in 1975. Its claim for payment arose before its dissolution in 1979. New York would permit it to sue in such a situation and so do we.
The government argues next that the plaintiff cannot recover because there is no privity of contract between it and the Air Force. The plaintiff has not alleged any express contract between it and the Air Force, so cannot recover on that basis. It cannot recover on Duffy’s contract, because a person who is not a party to a contract cannot sue on that contract. S.R. Weinstock & Associates, Inc. v. United States, 223 Ct. Cl. 677, 680 (1980).
The government is also right that the plaintiff cannot recover as assignee of Duffy’s contract. The Assignment of Claims Act prohibits assignments except, in certain cases, to "a bank, trust company, or other financing institution.” 31 U.S.C. § 203, 41 U.S.C. § 15 (1976). The plaintiff is not one of those.
This court does not have jurisdiction over claims based on contracts implied in law. Merritt v. United States, 267 U.S. 338, 341 (1925). Therefore, the plaintiffs only possible avenue of recovery is on a contract implied in fact. "Before a contract may be implied in fact, there must be a meeting of the minds which is inferred from the conduct of the parties, and in the light of the surrounding circumstances, *901 shows their tacit understanding.” Somali Development Bank v. United States, 205 Ct. Cl. 741, 751, 508 F.2d 817, 822 (1974).
The plaintiffs petition alleges that the plaintiff performed the work "with the consent and knowledge” and "at the request and consent” of the government. Further, in a letter to the contracting officer, the plaintiffs counsel alleged that, in two meetings, the contracting officer and the plaintiff had agreed that the plaintiff would carry on Duffy’s work.
These allegations are sufficient to raise the issv of the existence of a contract implied in fact. Since the government has not provided affidavits countering these allegations, the plaintiff is not required to support them with affidavits. Ct. Cl. R. 101(f). On the basis of the plaintiffs allegations, we conclude that there is a genuine issue of fact as to the existence of an implied in fact contract, which precludes granting the government’s motion. Newbery Alaska, Inc. v. United States, 225 Ct.Cl. 608 (1980); see also Newbery Alaska, Inc. v. United States, 229 Ct.Cl. 753 (1982) (dismissing petition on additional evidence).
The government argues that taxes owed by Duffy more than offset any amount due under the contract. This offset relates to the plaintiffs claim only if the plaintiff claims through Duffy. The plaintiff cannot do so, so the argument is irrelevant.
2. The government argues that the plaintiffs claim based on unjust enrichment is outside our jurisdiction. We agree. A claim based on unjust enrichment is a claim based on a contract implied in law and we cannot hear it. Aetna Casualty & Surety Co. v. United States, 228 Ct. Cl.146, 164-65, 655 F.2d 1047, 1059-60 (1981); Cleveland Chair Co. v. United States, 214 Ct. Cl. 360, 364, 557 F.2d 244, 246 (1977).
Accordingly, the defendant’s motion for summary judgment is granted with respect to count II of the petition, which is dismissed, and denied in all other respects. The case is remanded to the Trial Division.