ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeals of -- | ) | |
| | ) | |
| Relyant Global LLC | ) | ASBCA Nos. 63024, 63257 |
| | ) | |
| Under Contract No. W912QR-18-C-0026 | ) | |

APPEARANCES FOR THE APPELLANT:     James H. Price, Esq.
                                   Michael R. Franz, Esq.
                                     Lacy, Price & Wagner, P.C.
                                     Knoxville, TN

APPEARANCES FOR THE GOVERNMENT:    Michael P. Goodman, Esq.
                                     Engineer Chief Trial Attorney
                                   Brett R. Howard, Esq.
                                   Thomas M. Barrett, Esq.
                                   James M. Inman, Esq.
                                     Engineer Trial Attorneys
                                     U.S Army Engineer District, Louisville

OPINION BY ADMINISTRATIVE JUDGE O'CONNELL
ON RESPONDENT'S MOTION TO STRIKE

Respondent, the United States Army Corps of Engineers (USACE), has moved to strike Count III of appellant's complaint, which is entitled *Quantum Meruit*/*Quantum Valebant*/Unjust Enrichment. The Board grants the motion and dismisses Count III for failure to state a claim.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

Appellant, Relyant Global LLC (Relyant), alleges the following in its complaint.

The parties entered into the above-captioned firm-fixed price contract on August 9, 2018. The contract provided for Relyant to design and build a shipping and receiving building located at Fort McCoy, Wisconsin for $7,030,235.27. (Compl. ¶ 6)

A dispute developed as to whether the contract required Relyant to include in the design a ceiling or other physical barrier in the freight area of the building to prevent storage greater than 10 feet in height (compl. ¶¶ 8-9, 15-16). After discussions, USACE required Relyant to either redesign the building's fire suppression

system or install a new ceiling to create a physical barrier to prevent storage above 10 feet (*id.* ¶ 18). Relyant chose the latter option, designing and installing an added ceiling, but it contends that this was a constructive change to the contract (*id.* ¶ 19).

Relyant submitted a claim to the contracting officer (CO) for $242,492.41 in added costs and a 110-day time extension for the ceiling work. The CO denied the claim on June 11, 2021. (Compl. ¶ 22) Relyant filed an appeal on September 7, 2021.

Relyant's complaint contains six counts alleging a variety of theories, including breach of contract (Count II), breach of the covenant of good faith and fair dealing (Count IV), and constructive change/cardinal change (Count V). The count relevant to the pending motion is Count III – *Quantum Meruit*/*Quantum Valebant*/Unjust Enrichment.

The crux of Count III is conveyed by the following allegation:

> [T]he Army has been unjustly enriched and equity requires that the Army make payment to Relyant for the full value of the goods and services conferred upon the Army by Relyant – $242,492.41 plus interest, attorneys' fees, and any other recoverable costs. Relyant is entitled to relief under the doctrines of *quantum meruit*, *quantum valebant*, unjust enrichment, and any other applicable theory of implied-in-fact contracts.

(Compl. ¶ 40) Relyant does not contend that the contract is void or illegal. It states in the first paragraph of the complaint that "[t]his claim is based on an express written contract with the Army" (*id.* ¶ 1). It states in Count III that the goods and services at issue were "provided by Relyant under the Contract . . . ." (*id.* ¶ 39).

<u>DECISION</u>

In its motion to strike, USACE contends that the Board lacks jurisdiction to consider Relyant's unjust enrichment cause of action because it is based on an implied-in-law contract theory. It further contends that the Board lacks jurisdiction to consider Relyant's *quantum meruit* or *quantum valebant* theories[1] because USACE has not refused to pay due to the contract being illegal or void. (Gov't mot. at 3-4)

---

[1] *Quantum meruit* refers to services while *quantum valebant* refers to goods, but there is usually no significance to this difference. *Barrett Refining Corp. v. United States*, 242 F.3d 1055, 1059 n.1 (Fed. Cir. 2001) (citations omitted).

2

Relyant responds by emphasizing that it is not asserting an implied-in-law contract theory, only an implied-in fact contract that is within the Board's jurisdiction (app. resp. at 1 (citing compl. ¶ 40)). Relyant further contends that at this early stage of the appeal it is allowed to proceed on alternative theories and that it should be allowed to take discovery that may reveal the existence of an implied-in-fact contract (app. resp. at 2-3).

The Board agrees with USACE. Recovery in *quantum meruit* or *quantum valebant* is typically based on an implied-in-law contract, a type of claim that we lack jurisdiction to consider. *Lee v. United States*, 895 F.3d 1363, 1373 (Fed. Cir. 2018); *Protec GmbH*, ASBCA No. 61161 *et al.*, 18-1 BCA ¶ 37,064 at 180,420. Similarly, the Board lacks jurisdiction to consider an unjust enrichment theory because it is also based on a contract implied-in-law. *Cross Country Indus., Inc. v. United States*, 231 Ct. Cl. 899, 901 (1982).

There is one relevant exception to these rules. *Quantum meruit* can be used as a measure of damages for breach of an implied-in-fact contract. *Lee*, 895 F.3d at 1374; *United States v. Amdahl Corp.*, 786 F.2d 387, 393 (Fed. Cir. 1986). The Board possesses jurisdiction to consider appeals based on an implied-in-fact contract. *Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1354 (Fed. Cir. 2011). But this would only help Relyant if it had a viable implied-in-fact contract theory.

Relyant's complaint generally contends that the work on the ceiling was not required by the express contract and is a change or extra work for which it is entitled to additional time and money. In Count III, it asserts an implied-in-fact contract theory. Relyant cannot pursue both theories. As the Court of Appeals for the Federal Circuit has explained, "[i]t is well settled that 'the existence of an express contract precludes the existence of an implied-in-fact contract dealing with the same subject matter, unless the implied contract is entirely unrelated to the express contract.'" *Lee*, 895 F.3d at 1370 (quoting *Bank of Guam v. United States*, 578 F.3d 1318 , 1329 (Fed. Cir. 2009) (quoting *Schism v. United States*, 316 F.3d 1259, 1278 (Fed. Cir. 2002) (*en banc*)). Because Relyant does not contend that the express contract was void and because it does not (and cannot) contend that the addition of a ceiling in the building it designed and constructed was entirely unrelated to the express contract, Count III must be dismissed.

Relyant cites the Federal Circuit's decision in *Amdahl* as an example of a contractor obtaining relief under an implied-in-fact contract theory. In *Amdahl*, the contractor provided goods to the government, but the contract was void due to statutory and regulatory violations in the procurement process. The Federal Circuit held that if the contractor conferred a benefit on the government, it could recover for the value of the conforming goods under an implied-in-fact contract on a *quantum*

*meruit* or *quantum valebant* basis. *Amdahl*, 786 F.2d at 393; *see Lee*, 895 F.3d at 1374.

*Amdahl* has no relevance to these appeals. As the Federal Circuit later explained, "*Amdahl* speaks to the situation in which the government receives the goods or services for which it contracted, but then seeks to avoid payment by arguing that the underlying contract was unlawful." *United Pac. Ins. Co. v. United States*, 464 F.3d 1325, 1334 (Fed. Cir. 2006). Neither Relyant nor USACE contends that the contract at issue was unlawful. USACE has not withheld payment because it believes that the contract, or any clause in that contract, is void or illegal. The parties simply disagree over the correct interpretation of the express contract and, as result, disagree whether the design and construction of the ceiling was required by that contract.

Finally, the Board also rejects Relyant's request that the Board deny the motion to dismiss so that it can take discovery that may uncover the existence of an implied-in-fact contract. Because it is undisputed that there is a valid written contract, the mere possibility that evidence might exist supporting a completely different set of facts is not enough to deny the motion. *See Pure Gold, Inc. v. Syntex (U.S.A.), Inc.*, 739 F.2d 624, 627 (Fed. Cir. 1984).

While the government moves to strike Count III based on a lack of jurisdiction, the Board possesses jurisdiction to consider implied-in-fact contract claims, as described above. In *Lee*, the Federal Circuit affirmed dismissal for failure to state a claim. *Lee*, 895 F. 3d at 1374. Accordingly, the Board dismisses Count III for failure to state a claim.

CONCLUSION

Count III of the complaint is dismissed for failure to state a claim.

Dated: September 27, 2022

_____
MICHAEL N. O'CONNELL
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

4

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA Nos. 63024, 63257, Appeal of Relyant Global LLC, rendered in conformance with the Board's Charter.

Dated:  September 29, 2022

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals